712 So.2d 1050 (1998)
Cecil PERSON
v.
T.L. JAMES & COMPANY, INC. and Elbert Spurs.
No. 97-CA-2746.
Court of Appeal of Louisiana, Fourth Circuit.
May 20, 1998.
Ivan D. Warner, III, Louis J. Cosenza, Ivan D. Warner, III P.L.C., New Orleans, for Plaintiff-Appellee.
Philip J. Borne, John K. Nieset, Christovich & Kearney, L.L.P., New Orleans, for Defendant-Appellant.
Before KLEES and LOBRANO and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, T.L. James & Company (T. L.James), appeals from a trial court judgment overruling its declinatory exception of improper venue. We reverse and remand the matter to the trial court to transfer the action to the parish of proper venue.
*1051 This case arises out of an alleged collision at the BFI Crescent Acres Landfill, between a bulldozer owned by James Industrial Contractors and a dump truck owned and operated by plaintiff, Cecil Person. Person filed suit in Civil District Court in Orleans Parish, naming as defendants, Elbert Spurs, the operator of the bulldozer, and T.L. James, Spurs' employer.
T.L. James is a domestic corporation with its registered office and agent for service of process in Lincoln Parish. Elbert Spurs is domiciled in Concordia Parish. The BFI Crescent Acres Landfill is a contiguous plot of land bifurcated by the line separating Orleans Parish and St. Bernard Parish, but its municipal address is in Orleans Parish.
T.L. James filed an exception of improper venue, arguing that, because neither defendant is domiciled and/or registered in Orleans Parish and the accident occurred in St. Bernard Parish, Orleans Parish is not a proper venue for this action. In support of its argument, T.L. James offered three affidavits. The first affidavit was from Barry Smith, a T.L. James employee who witnessed the collision. The second affidavit was from Glenn Bordelon, a T.L. James employee who witnessed the position of the vehicles moments after the collision. The third affidavit was sworn to by Stephan Estopinal, a State certified land surveyor. Smith and Bordelon went with Estopinal to BFI Crescent Acres Landfill in an effort to pinpoint the exact location of the collision. Based on the recollections of the two witnesses, Estopinal concluded that the accident had occurred on a side of the landfill situated in St. Bernard Parish. The trial judge overruled the exception of improper venue because the landfill's municipal address is Orleans Parish.
The issues raised in this appeal are: 1) did the trial judge err in concluding that the municipal address of a plot of land is the dispositive factor in determining where the wrongful conduct occurred for venue purposes pursuant to article 74 of the Code of Civil Procedure? and, 2) did appellee meet his burden of proving that the accident occurred in Orleans Parish, thereby bringing himself clearly within the exception to the general venue rule provided by article 74 of the Louisiana Code of Civil Procedure?
Article 42 of the Louisiana Code of Civil Procedure provides in pertinent part:
The general rules of venue are that an action against:
An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence. A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.
It is well settled that articles 71-85 are exceptions to the general rules, and are therefore in derogation of a common right. As such, they must be strictly construed. Hawthorne Oil and Gas Corporation v. Continental Oil Co., 377 So.2d 285, 287 (La.1979); LSA-C.C.P. art. 43. A party claiming benefit of an exception to the general venue rules must bring itself clearly within the exception. Id.
Because none of the defendants is domiciled or has its residence in Orleans Parish, venue is not proper in Orleans under the general venue provision of article 42. Thus, for plaintiff to maintain this action in Orleans Parish, he must fit within one of the exceptions to the general venue rules. See LSA-C.C.P. arts. 71-85. In opposition to defendant's exception of improper venue, plaintiff argues that venue is proper under LSA-C.C.P. art. 74, which provides "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."
Contrary to plaintiff's assertion on appeal, the trial judge did not make a finding of fact that the accident occurred in Orleans Parish. Rather, at the hearing on defendant's exception, the trial judge dismissed defendant's argument that venue is proper only in St. Bernard Parish based solely on the municipal address of the landfill. The trial judge stated, "I think venue is proper in Orleans parish because of the municipal address.... I'm going to go by the municipal address." We find the trial judge erred in overruling defendant's exception of venue on this basis. The mere fact that the municipal address of the landfill is in Orleans Parish is *1052 not sufficient to bring plaintiff within the exception provided by article 74. There is no provision of law, statutory or jurisprudential, that provides that the municipal address of a plot land bifurcated by a parish line is dispositive of the location of a tort occurring on that plot for purposes of venue under article 74.
Moreover, the language of article 74 does not support the trial court's reasoning but rather supports defendant's contention that the actual situs of the accident determines the proper parish for venue purposes. Although defendant submitted three affidavits to prove the accident occurred in St. Bernard Parish, plaintiff was claiming the benefit of the exception to the general venue rule and therefore had the burden of proving the accident occurred in Orleans Parish. Because plaintiff offered no evidence to establish the precise geographical location of the accident to satisfy his burden, he did not bring himself clearly within the exception provided for by article 74. In view of this, we find the trial judge erred in overruling the defendant's exception of improper venue.
Accordingly, the judgment of the trial court overruling the exception of improper venue is reversed, and the exception is maintained. The case is remanded to the trial court to transfer the action to the 34th Judicial District Court for the Parish of St. Bernard.
REVERSED AND REMANDED.