787 So.2d 431 (2001)
Thomas ALBARADO
v.
UNION PACIFIC RAILROAD COMPANY.
Thomas Albarado, et al.
v.
Southern Pacific Transportation Company, et al.
Nos. 2000-C-2540, 2000-C-2550, 2000-C-2555, 2000-C-2556, 2000-C-2560, and 2000-C-2578.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2001.
Opinion Granting Rehearing May 31, 2001.
Rehearing Denied June 11, 2001.
*433 William H. Howard, Mark C. Dodart, Alissa J. Allison, Neil C. Abramson, Phelps Dunbar, L.L.P., New Orleans, for Union Pacific Railroad Company.
Vincent J. Glorioso, Jr., Maria Glorioso, Vincent J. Glorioso, III, The Glorioso Law Firm, New Orleans, for Plaintiffs.
Roy J. Rodney, Jr., Charlotte G. Bordenave, Kimberly R. Wicker, Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, for CSX Transportation, Inc.
Benjamin R. Slater, III, Mark E. Van Horn, Corey R. Cahn, Michael O. Waguespack, Slater Law Firm, New Orleans, for Alabama Great Southern Railroad Company and Norfolk Southern Railway Company.
Patrick A. Talley, Jr., Monique G. Morial, Carl E. Hellmers, III, Frilot, Partridge, Kohnke & Clements, New Orleans, for Kansas City Southern Railway Company, The Burlington Northern and Santa Fe Railway Company.
David S. Kelly, Lisa A. Easterling, Timothy F. Daniels, Nicole D. Martin, Lemle & Kelleher, L.L.P., New Orleans, Troy N. Bell, Aultman, Tyner, Ruffin & Yarborough, Ltd., New Orleans, for Canadian National/Illinois Central Railroad Company.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge DAVID S. GORBATY.
JONES, J.
Defendant-Relators seek this Court's supervisory jurisdiction regarding the October 24, 2000 judgment of the district court denying Defendants' Dilatory Exceptions of Improper Cumulation and Declinatory Exceptions of Improper Venue. After a review of the record, we grant in part and deny in part Relators' writ application.

FACTS
The original petition for damages was filed January 28, 1998 by thirteen plaintiffs who subsequently amended to include sixteen[1] plaintiffs. At the time the writ application was filed there were fourteen plaintiffs.
The plaintiffs, employees or former employees of railroad carriers. They alleged that their work required them to take railroad cars on property of chemical manufacturers where hazardous and carcinogenic chemicals are pumped into and out of railroad tanker cars. Further they claimed exposure to chemicals at such sites and failure on their employers' part to notify them of such chemicals at the site or provide them protection against such exposures. They alleged their claims under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et. seq., Occupational Safety and Health Administration (OSHA) and the Federal Railroad Act (FRA). They also alleged a conspiracy amongst the defendant railroad carriers to withhold knowledge about the hazards so that they were denied their rights to file FELA claims.
The Plaintiffs attempted to bring a class action on behalf of all persons retired or employed by the railroads that were exposed to the chemicals. Apparently, the joinder of these claims was for potential class action purposes under FELA. However, the court made no definitive ruling on the issue of class certification as to the putative class members.
The suit was removed by the defendants to federal court because of the numerous *434 statutes and causes of action originally cited, and on April 3, 1998, the plaintiffs waived all claims but the FELA cause of action against their respective employers. The case was remanded back to the Civil District Court in Orleans Parish.
Initially nine different railroads were named as defendants, but they presently comprise only six separate entities:
Union Pacific ("UP"); Alabama Great Southern/Norfolk Southern Railway[2] ("AGS/NSR"); CSX Transportation Inc. ("CSX"); Kansas City Southern ("KCS"); Illinois Central Railroad/Canadian National ("IC/CN") and Burlington Northern and Santa Fe Railway ("BNSF").
Southern Pacific Transportation Company, a Delaware Corporation at the time of filing the lawsuit, employed Plaintiff, Tyrone Boudreaux, and while this litigation was pending Southern Pacific merged with Union Pacific Railroad Company, a Utah Corporation, and the resulting company is Union Pacific Railroad Company, a Delaware Corporation with an appointed agent for service of process in Baton Rouge, Louisiana.
Plaintiffs, Walter J. Farrell, Robert M. Bell and Ernest Thibodeaux are employed by AGS/NSR incorporated in Alabama with its principal place of business in Orleans Parish.
Plaintiff, David B. Shill III, is employed by CSX Transportation incorporated in Virginia with its principal place of business in Orleans Parish.
Plaintiffs, A.G. Bradley, Leonard C. Gettridge and Lester Thomas are employed by KCS. KCS is a Missouri corporation with an appointed agent for service of process in Shreveport, Louisiana.
Plaintiffs, Bryan L. Mayeaux Jr., W.A. Collins, L.E. Harris and Fred C. Perault are employed by IC/CN incorporated in Delaware with an appointed agent for service of process in Baton Rouge, Louisiana.
Plaintiffs, Johnnie B. Burleson and R.B. Dail are employed by BNSF incorporated in Delaware with an appointed agent for service of process in Baton Rouge, Louisiana.
The plaintiffs and putative class members sought compensatory damages from their respective railroad employers for alleged injuries incurred as a result of exposure to hazardous and/or carcinogenic chemicals at various locations over the course of their employment. In addition, the Plaintiffs also requested that each railroad employer establish a court administered fund sufficient to provide a medical monitoring program for each named plaintiff and putative class member.
The defendants filed a Dilatory Exception of Improper Cumulation of Actions and Declinatory Exception of Improper Venue in response to the Fourth Supplemental and Amending petition on February 12, 1999. They claim cumulation is improper for two reasons: 1) There is no community of interest between or among the claims asserted or the parties joined because of the variations in factual and legal issues each plaintiff and putative class member must prove to recover under FELA; and under FELA plaintiffs cannot recover from non-employer railroad defendants; 2) Venue is improper as to certain of the defendant railroads as required for proper cumulation under Louisiana Code of Civil Procedure Article 463(2).
In its October 24, 2000 judgment the district court overruled the exceptions finding that:
"Louisiana Civil Code of Procedure Article 463 requires first that there is a *435 community of interests between the parties joined in the suit. In making this determination, this Court finds that on the face of the petition, there is a community of interests between the parties as all of the plaintiffs are alleging identical claims, arising from common operative facts, against each respective defendant. At this early stage in the litigation, it would be premature to hold that there is no commonality of interests between the parties as is required for maintaining a cumulated action. The arguments submitted by Defense counsel raise issues that would only be determinable once discovery is underway. Such determinations cannot be made solely on the Plaintiffs' petition. Thus it would be improper at this point to hold that the action is not properly cumulated.
Because the Court finds that the action is properly cumulated at least for purposes of discovery, and the venue is proper as to some of the plaintiffs, venue is thus proper as to all the parties. As such, the Exception of Improper Venue is likewise, without merit."
All the defendants with the exception of CSX filed timely applications to this Court for supervisory writs of review.

VENUE
Venue is the parish where the action or proceeding may properly be brought and tried under the rules regulating the subject. La.C.C.P. Art. 41. Even for class action purposes, the claims have to be brought in a parish of proper venue as to the defendant. La.C.C.P. Art 593.
However, if the defendant is a foreign corporation, La.C.C.P. Art. 42(4) provides that the action "shall be brought in the parish where its primary place of business is located or in the parish designated as its principal business establishment in its application to do business in the state."
All the defendants are foreign corporations, with the exception of CSX and AGS/ NSR, which are licensed to do business in this state with their registered agents for service of process located in parishes other than Orleans. CSX and AGS/NSR have their primary places of business in New Orleans, thus venue is proper in Orleans parish as to those defendants under La. C.C.P. Art. 42. IC/CN's primary place of business is in Jefferson Parish; KCS' primary place of business is in Caddo Parish, BNSF and UP have a primary place of business in East Baton Rouge Parish.
Nevertheless, plaintiffs may rely on one of the exceptions to La.C.C.P. Art. 42 for venue to be proper as to the other defendants. La.C.C.P. Art. 43. Since exceptions to the general venue rules are in derogation of a common law right, they must be strictly construed and the party claiming the benefit of the exception must bring himself clearly within the exception. Simmons v. Templeton, 684 So.2d 529 (La.App. 4 Cir.1996); Spott v. Otis Elevator Co., 601 So.2d 1355, 1360 (La.1992). The party claiming the exception to La. C.C.P. Art. 42 venue rules has the burden of proving that venue clearly falls within one of these exceptions. See Person v. T.L. James & Company, 97-2746, 712 So.2d 1050 (La.App. 4 Cir.1998).
La.C.C.P. Art. 74 provides that venue may be proper in an action for damages, in the parish where the wrongful conduct occurred or in a parish where the plaintiff sustained the damages. La. C.C.P. Art. 74 (1999) (emphasis added).
In personal injury cases, the parish where the wrongful conduct occurred is the parish where the damages were sustained for purposes of Article 74. See Long Leaf Vending v. Louisiana Coca-Cola *436 Bottling Co., 97-1359, 709 So.2d 366, 368 (La.App. 4 Cir., 1998); (citing, Lapeyrouse v. United Services Auto. Association, 503 So.2d at 628 (La.App. 4 Cir.1987) (in car accident context, venue is proper in parish where negligence or breach of duty occurred not where medical expenses or pain and suffering was endured).
Whereas, for products liability cases, where no damage is caused to the plaintiff in the parish where the wrongful conduct occurred, the parish where the damages were sustained is the proper venue. Simmons v. Templeton, 684 So.2d at 537 citing Chambers v. LeBlanc, 598 So.2d 337 (La.1992).
The following plaintiffs claim the precise geographical location of the exposure to be in Orleans Parish: Tyrone Boudreaux[3], employee of UP; Leonard Gettridge, employee of KCS; David Shill III employee of CSX; Walter Farrell and Robert Bell, employees of AGS/NSR. See also, Person v. T.L. James & Co., Inc., 97-2746, 712 So.2d 1050, 1052 (La.App. 4th Cir.1998) (because exceptions to venue are strictly construed, court reversed denial of Exception to Improper Venue in New Orleans because actual situs of accident determines the proper parish for venue purposes).
Moreover, these plaintiffs specifically alleged exposure to hazardous chemicals to and from property of others where the plaintiffs were required to work in Orleans Parish, and that their respective employers neither notified them about the substances nor provided them protection against these exposures. Finally, that their respective employers entered into indemnification agreements with these third parties in the event that plaintiff employees are injured while withholding such information from their respective employees.
Since the defendant railroads are asserting the improper venue exception, the burden is on them to prove that their wrongful conduct, the failure to provide the employee plaintiffs a safe workplace, did not occur in Orleans Parish. Alternatively, they must show that the damages sustained by plaintiffs were not a result of their exposure to hazardous chemicals in Orleans Parish.
The Defendant-Relators in support of their assertions in their writ applications claim that discovery has proven that the employees were not harmed in Orleans Parish based on their answers to interrogatories and deposition testimony. However, only very select excerpts of the depositions are included in the writ applications. The entire answers to interrogatories are not included either and thus the record before us is not adequate to justify a reversal of the denial of the exception as to improper venue as to Union Pacific and Kansas City Southern under Article 74.
Finally, this Court reverses the denial of the venue exception as to Burlington Northern and Santa Fe Railway Company and Illinois Central/Canadian National absent any other applicable exception. BNSF and IC/CN are foreign corporations in which their designated place of business is in a parish other than Orleans and none of their employees alleged exposure in Orleans parish.
On its face, the district court's ruling that because "venue is proper to some plaintiffs, venue is proper as to all parties" is incorrect because venue has to be proper as to all defendants and not plaintiffs. Even assuming the court was suggesting *437 that venue was proper as to defendants, venue would be proper in Orleans Parish as to BNSF and IC/CN if all the defendants were solidary obligors. See La. C.C.P Art. 73 (2000).
La.C.C.P. art. 73 provides in pertinent part:
An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-of-fense against joint and solidarily obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3202.
La.C.C.P Art. 73 does not apply to BNSF and IC/CN. First, absent is any allegation that BNSF and IC/CN or any others are jointly and solidarily liable with any of its co-defendants in this case. This lawsuit comprises fourteen separate actions against six separate railroad defendants. None of the plaintiffs are suing any other employer apart from their own employer.
Further, other non-employee defendants cannot be sued under FELA, which on several occasions the plaintiffs have reaffirmed is their sole cause of action. The individual Plaintiffs are asserting FELA claims against their own employer defendant railroad. Obviously, under FELA defendant railroads are not solidary obligors, otherwise, each obligor could be held liable for the whole performance and performance by one solidary obligor would relieve others of their liability to the obligee. La.C.C.P. Art. 1794.
On the other hand, a conspiracy amongst the defendant railroads is sufficient to establish a basis for solidary liability. La.C.C. Art. 2324 (Conspirators are held solidarily liable for the act). The conspiracy claim is not being alleged as an additional or separate cause of action, but only as proof of negligence against each respective employer. Thus La.C.C. Art. 2324 is inapplicable. Nevertheless, Article 73 is not applicable to this case because it involves defendants who may be sued in a proper venue other than Orleans Parish.
As a final point on venue, the concept of ancillary venue does not apply in the instant case, in contrast to Underwood v. Lane Memorial Hospital, 97-1997, 714 So.2d 715 (La.1998) where the court found ancillary venue to be proper. The plaintiffs, parents of a student who was injured at his school in East Feliciana Parish and treated at a hospital in East Baton Rouge Parish, filed a survival and wrongful death action in East Feliciana against both defendants, the school and hospital, both political subdivisions of the state. Because of the special treatment given to such political subdivisions, the legislature provided for venue against them where they were located or where the cause of action occurred. As a result, the plaintiffs had no one venue in which to sue both defendants, because La.C.C.P. Art. 73 did not apply to these obligors. Therefore, the Louisiana Supreme Court allowed both defendants to be sued in a parish where venue was proper as to one.
In this case there are no special venue provisions preferential to railroad defendants like UP. Unlike the Underwood Plaintiffs' whose claims arose from one successive set of facts, the claims of the instant case arose out of different factual situations. Moreover, the plaintiffs here have admitted to suing only their respective employers and thus have access to proper venue, albeit, in a parish other than Orleans.
*438 The concern in Underwood of the risk of inconsistent verdicts that would result in no recovery by the plaintiff even if both juries found liability is not present here. BNSF and IC/CN employees have a choice of venue where they can receive complete relief.
In the final analysis, venue is not proper in Orleans Parish as to BNSF and IC/CN under the general rules of venue or its exceptions. The denial of the exception of venue will be reversed as to BNSF and IC/CN.

CUMULATION
La.C.C.P. Art. 463 allows joinder of plaintiffs or defendants in the same suit provided:
(1) there is a community of interest between the parties joined;
(2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) all of the actions cumulated are mutually consistent and employ the same form of procedure.
The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. Strahan et. al. v. Maytag Corp., et al., 99-0869, 760 So.2d 463, 468 (La.App. 4 Cir. 2000). Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together. See also First Guaranty Bank v. Carter, 89-0862, 563 So.2d 1240 (La.App. 1 Cir.1990) (citing, The Official Revision Comments to Article 463 which states that a review of Louisiana case law indicates that a community of interest and common interest refer to exactly the same concept).
Plaintiffs maintain the denial of the exceptions of improper cumulation was not an abuse of the court's discretion because cumulation of class actions against all six separate and independent defendants was in the interest of judicial efficiency. In fact, plaintiffs contend that a different ruling at that stage in the proceeding would mean litigating six identical claims arising from common operative facts at different times.
In an attempt to prove the community of interest, the Plaintiffs attempt to represent these claims as emerging from a mass conspiracy amongst the defendants to deprive their employees of a safe workplace for two reasons namely: 1) A conspiracy alone may provide the necessary "community of interest" between the claims. See e.g. Trentecosta v. Beck, 96-2388, 703 So.2d 552 (La.1997); and 2) Conspiring defendants are solidarily liable for damages caused by the conspiracy. La.C.C. Art. 2324 (1999). Assuming a conspiracy is established, an action for instance against CSX may still be brought in Orleans Parish because venue is proper as to its co-conspirators such as AGS/NSR and co-conspirators are solidarily liable to the plaintiffs. La. C.C.P. Art. 73 (2000).
However, Plaintiffs' argument fails because of admissions made earlier in the district court. Specifically, the Plaintiffs made unwavering representations that their only cause of action arises under FELA, which rules out the conspiracy argument. In particular, the Plaintiffs' claimed, "None of the Plaintiffs are making any claims against any non-employer Defendant railroad. The individual Plaintiffs are asserting FELA claims against their own employer defendant railroad." In fact, the federal district judge highlighted this fact as one of the reasons that court was remanding the case to state court.
*439 FELA is the exclusive remedy for injured railroad workers and thus employees can only sue their respective employers. FELA, 45 U.S.C. § 51 et. mandates that each respective employer provide a safe work place for its own employees or such employer "shall be liable in damages to any of its own employees that suffer any injuries as a result of the railroad's negligence." See also Dragon v. Cooper/T. Smith Stevedoring Co., 98-CA-1375, 726 So.2d 1006, 1008 (La.App. 4 Cir., 1999) (emphasis added).
Moreover, courts are less likely, especially where substantive rights are involved in the interest of achieving judicial economy through cumulation, to compromise fairness to litigants. See Abshire v. State, Through Department of Insurance, 93-923, 636 So.2d 627, 633 (La.App. 3 Cir. 1994). Cumulation of unrelated claims is unfair to the parties given the absence of a common operative set of facts.
Besides, the community of interest even in the class action context demands a relationship between the claims, greater than simply sharing a common question of law and fact. Ford v. Murphy Oil USA Inc., 96-2913, 703 So.2d 542, 546 (La.1997). In Murphy, the court denied the request to certify as a class six class representatives against four petroleum plants because the evidence indicated that the emissions of each defendant was different and the four companies were completely independent of each other. See Ford v. Murphy Oil USA Inc., 703 So.2d at 544.
Clearly, in a case such as this, involving more claims than that suggested by the Court in Murphy, these claims should not be cumulated in a single proceeding. The present case involving at least sixteen plaintiffs against the six independent railroad defendants presents significantly divergent fact patterns. The defendants' locations, policies, practices, equipment and supervisors, are very different. Each Plaintiff's alleged claim is different, more specifically, work location, sites visited, alleged injuries, length of exposure to different types of chemicals are also different.
For example, Mr. Shill III claims exposure only at the Gentilly Yard while non-CSX plaintiffs like AGS/NSR employees, Walter Farrell, Robert Bell and Ernest Thibodeaux claim exposure at several totally different yards including Western Gas, Toca, Louisiana; Amex, Braithwitte, Louisiana; Mobil Oil and Exxon Plants located in Chalmette, Louisiana; and Oliver Yard, New Orleans Louisiana. This barely provides a glimpse at the variations in facts and legal issues of concern to each plaintiff.
Apparently, the disparity in fact patterns and the likely differences in individual causation and liability amongst widely divergent claims asserted by the named Plaintiffs much less among the putative class members proves the lack of community of interest and mitigates against cumulation.
In fact, no commonality between any of the Plaintiffs and no commonality between the Defendants exists and to defer to the district court's determination would still require that the Plaintiffs meet their burden of proving proper cumulation of all their claims against all six railroad Defendants which they have not met. The total lack of commonality and typicality among the named plaintiffs' claims and the claims of the class they would represent provide no support for certifying this as a class action.

DECREE
For the reasons herein stated, we grant the Relators' writ application and reverse the denial of the exception of improper cumulation. We further grant the writ *440 applications of Burlington Northern and Santa Fe (BNSF) and Illinois Central/Canadian National (IC/CN), and reverse the denial of the exception of improper venue as to Burlington Northern and Santa Fe and Illinois Central/Canadian National. In all other respects, the writ applications of the Relators are denied.
WRIT GRANTED IN PART; AND DENIED IN PART.
ARMSTRONG, J., concurs.

APPLICATION FOR REHEARING GRANTED
The application for rehearing filed by CSX Transportation, Inc. is granted. The writ application was timely filed in this Court. Thus, we amend our judgment of April 25, 2001, finding that the Relator's, CSX Transportation, Inc., writ application was in fact timely. However, in all other respects, the Relator's writ application is denied.
NOTES
[1] Two of the sixteen plaintiffs, Thomas Albarado and Larry Barrilleaux dismissed their cases against their respective employer, Union Pacific ("UP") without prejudice.
[2] NSR is the successor in interest or owns AGS
[3] One of the exposure sites is identified as "New Orleans Yard"; However, it is actually located in Jefferson Parish. Mr. Boudreaux does indicate that he has been employed by UP for over thirty years and worked in Orleans Parish at least two to three days a week.