Ii ARMSTRONG, J.
In these consolidated writ applications, the relators complain of the trial courts’ overruling of their exceptions of improper cumulation of actions. Because we find that the result reached by the trial courts *144 was correct, we will deny the writ applications.
These are asbestos actions. In each case, there are numerous plaintiffs and numerous defendants. In each case, there is a so-called “core group” of defendants (asbestos manufacturers, an industry information organization, etc.), all of whom allegedly are solidarily liable to all of the plaintiffs. (These cases arise from a time whereby they are subject to the law of solidary liability among joint tortfeasors.) In each case, there are also so-called “premises” defendants (so called because plaintiffs allegedly were exposed to asbestos while working on their premises) who are each allegedly liable to one or more, but not all, of the plaintiffs. The premises defendants are each allegedly solidarily liable with the core group of defendants but the premises defendants are not allegedly solidarily liable with each other. In each case, there are numerous issues of fact, and perhaps law, among the core |2group defendants and the premises defendants (nature of asbestos, causation, prognosis, etc.) but there are issues of fact unique to each of the premises defendants (conditions at their particular workplace, etc.).
The relators, who are two of the premises defendants, argue that there was an improper cumulation of actions of numerous plaintiffs against numerous defendants because there is no “community of interest” among the various parties joined. La. Code Civ. Proc. art. 463. More particularly, the relators argue that there must be solidary liability of every defendant with every other defendant as to every plaintiff for there to be a community of interest to allow cumulation. The relators cite Albarado v. Union Pacific R.R. Co., 2000-2540 (La.App. 4 Cir. 04/25/01), 787 So.2d 431, rev’d in part, 2001-1537 (La.09/14/01), 796 So.2d 666.
We do not agree that there must be the sort of total solidarity proposed by relators as a prerequisite to a community of interest for cumulation. In this case, each of the premises defendants allegedly is soli-darily hable with the core group of defendants who are all allegedly solidarily liable to all of the plaintiffs. That is sufficient “to make it commonsensical to litigate ... together”, Albarado, 787 So.2d at 438, the claims culminated in the present actions.
In Albarado, we noted that, in that case, there necessarily was no solidarily liability whatsoever. 787 So.2d at 437-38. That was because each Albarado plaintiff was suing exclusively under the Federal Employer’s Liability Act so that, as a matter of law, each defendant could be hable only to its own employees and, consequently, as a matter of law, there could not be any solidary liability. Id. Of Lcourse, in contrast, as noted above, the present case does involve substantial alleged solidary liability.
Also in Albarado, we noted that, if substantive rights are involved, courts are “less likely” to order cumulation to achieve judicial economy where it will compromise fairness to litigants. The respondents suggest that separate trials can be used to eliminate any unfairness to htigants that might otherwise occur due to cumulation. More specifically, the respondents suggest that there could be trials as to issues common to all parties and then separate trials, as to issues not common to all parties, which separate trials would involve only those parties affected by the issues tried in those separate trials. We leave the question of whether to hold separate trials to be decided, in the first instance, by the trial court. We do note that the Code of Civil Procedure expressly allows the use of separate trials in cumulated actions:
*145 When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the ease, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulatr ed actions, even if the cumulation is proper.
La.Code Civ. Proc. art. 465. The trial court should consider whether and how Article 465 can be used to eliminate or at least minimize the need for any party to participate in the trial of issues which do not affect that party and how Articles 465 might be used to eliminate or at least minimize any other adverse affects to any party that might arise from cumulation.
|4We are aware of the burdens on the trial courts and counsel and the expenses to parties that arise from asbestos litigation and we believe that those burdens and expenses would only be aggravated in this case in the absence of cumulation. The use of cumulation, with separate trials if and to the extent helpful, will best serve the ends of efficient and just adjudication in these cases.
For the foregoing reasons, the writ applications are denied.
WRITS DENIED.
CANNIZZARO, J., concurs in the result.