LKLEES, Chief Judge.
Plaintiffs, Ronald Gurley and James Gurley, individually and on behalf of the Succession of Kenneth B. Gurley and Clara Mae Gurley, appeal the trial court’s judgment granting defendant Gregory Wilson’s exceptions of improper venue and improper cumulation of actions, and defendant Whitney National Bank’s motion to allow redemption of litigious rights. We affirm. ■
In 1985, Edward Strayhan, Kenneth Gurley, Ronald Gurley and James Gurley formed the corporation Southern Jenn-Air Distributors, Inc., now known as Southern Kitchen and Baths, Inc. In 1986, Whitney National Bank extended a line of credit to Southern Jenn-Air Distributors, Inc. As security for the line of credit, Whitney required the personal guarantees of Edward Strayhan, Kenneth Gurley and Ronald Gurley.
In July of 1989, Kenneth Gurley died. The succession of Kenneth Gurley and his wife, Clara Mae Gurley, was opened by Gregory Wilson, an attorney working in the Wilson & Sexton firm, in the Parish of East Baton Rouge.
In October of 1990, Jenn-Air canceled its franchise with Southern Jenn-Air Distributors; Inc. On November 20, 1991, Whitney National Bank filed suit against Southern Jenn-Air Distributors, Inc., Edward Strayhan and Ronald Gurley | ¡^because the loan went into default. Whitney National Bank filed a claim in the succession of Kenneth Gurley and Clara Mae Gurley because Kenneth Gurley had passed away. Thereafter, Whitney National Bank filed a motion to appoint itself provisional administrator of the succession. Plaintiffs allege that although Whitney National Bank contacted Greg Wilson, and his firm Wilson & Sexton, to advise them of its intent to seize the estate of Kenneth and Clara Gurley, neither Greg Wilson nor his firm did anything until after Whitney National Bank seized the estate. In 1992, James Gurley, who was not an obligor of the Whitney National Bank, intervened seeking to have Whitney National Bank removed as succession representative and to have himself appointed executor of the estate.
On September 9,. 1992, Plaintiffs filed this suit against Whitney National Bank *466 seeking damages as a. result of its mismanagement of the succession. Additionally, Plaintiffs also asserted a claim of legal malpractice against Gregory Wilson and his law firm, Wilson and Sexton.[1] However, Plaintiffs failed to request service on either Gregory Wilson or Wilson and Sexton. On September 17, 1997, Plaintiffs amended their petition re-naming as defendants Gregory Wilson and Wilson and Sexton and requesting service of process. Also worth noting is the fact that Plaintiffs failed to state in their Petition that defendants Gregory Wilson and Wilson & Sexton and defendant Whitney are joint and solidary obligors. In fact, the only time the language “joint and solidary obligors” is mentioned is in Plaintiffs’ First Supplemental and Amending Petition where it states, “there be judgment against...Gregory 0. Wilson and Wilson & Sexton and the Home |sInsurance Company, individually, jointly, severally, and in solido for reasonable damages....”
After Plaintiffs filed suit, Ronald Gurley and Edward Strahan filed chapter 7 bankruptcy petitions. Whitney National Bank purchased from their respective trustee’s their individual causes of action. Thus, because James Gurley had no individual right in the succession suit and was the only remaining plaintiff, he requested the court to place him in possession of the lawsuit in exchange for taking $1,500.00 less as a legatee in the succession. Thereafter, on July 22, 1998, the trial court granted Whitney National Bank’s motion to allow redemption of litigious rights whereby it would deposit $1,500.00, plus interest, into the registry of the court. In granting Whitney National Bank’s motion, the trial court dismissed with prejudice James Gurley suit, as individual and heir, and as a vested legatee put into possession of an asset of the Succession of Kenneth Gurley and Clara Gurley. Additionally, the trial court granted Gregory Wilson’s exceptions of improper venue and improper cumulation and dismissed all claims against Gregory Wilson with prejudice. Plaintiffs appeal this final judgment.
On appeal, Plaintiffs assign five errors by the trial court: (1) that the trial court erred by granting Gregory Wilson’s exception of improper venue; (2) that the trial court erred in failing to transfer Plaintiffs’ suit against Gregory Wilson to a court of competent venue rather than dismissing the suit with prejudice; (3) that the trial court erred by granting Gregory Wilson’s exception of improper cumulation of actions; (4) that the trial court erred in failing to sever the actions for trial rather than dismissing the suit against Gregory Wilson with prejudice; and (5) that the trial court erred in granting the motion to allow redemption of litigious rights filed by Whitney National Bank and dismissing with prejudice the suit of James Gurley.
|4I. VENUE
Plaintiffs allege that venue is proper in Orleans Parish for the claims against Gregory Wilson for malpractice because the claimed damages were caused jointly or severally by Greg Wilson, his firm Wilson & Sexton, and Whitney. Additionally, Plaintiffs contend that Wilson & Sexton’s failure to object to venue prevents Greg Wilson from objecting to improper venue. Plaintiffs’ argument has no merit.
The general rule for venue states, in pertinent part, that an action against “[a]n individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.” La. C.C.P. art 42. Moreover, in a malpractice action, venue is proper in the parish where the wrongful conduct occurred. Chambers v. LeBlanc, 598 So.2d 337, 337-338 (La.1992). In this case, *467 Gregory Wilson was not only domiciled in Baton Rouge, but he opened the Succession in the Parish of East Baton Rouge. Plaintiffs allege in their petition that Gregory Wilson failed to file a Request for Notice in the Succession proceedings, and failed to timely file for an administration of the Succession. Thus, none of the wrongful conduct alleged occurred in Orleans Parish. Accordingly, under the general venue provisions, Orleans Parish was the improper venue for the claims asserted against Gregory Wilson.
We must now address whether the venue exception for joint or solidary obli-gors provides any assistance to Plaintiffs filing suit against Greg Wilson in Orleans Parish. La. C.C.P. art 73 states, in pertinent part, that “[a]n action against joint or solidary obligors may be brought in a par: ish of proper venue, under Article 42, as to any obligor who is made a defendant...” First, for reasons discussed |sbelow, we find that defendants Gregory Wilson and Whitney should not be joined in the same suit. As previously discussed, nowhere in the Petition, or First Supplemental and Amending Petition, do plaintiffs allege that Gregory Wilson and Wilson & Sexton are joint and solidary obligors with Whitney. Moreover, Plaintiffs fail to allege facts in7 dicating why Orleans Parish is proper venue for the Baton Rouge law firm Wilson & Sexton. Second, we find that Wilson & Sexton’s failure to object to improper venue in New Orleans did not affect Gregory Wilson’s right to object to venue. See Spott v. Otis Elevator Company, 601 So.2d 1355, 1360 (La.1992) (holding that the failure of one defendant to object to venue does not affect another defendant’s right to object to venue.) Further, according to Spott, Wilson & Sexton’s waiver of improper venue in Orleans Parish does not preclude Gregory Wilson from objecting to it. Id. Accordingly, we find that Gregory Wilson filed a timely .exception of improper venue, he did not waive his objection to venue, and that even under the venue exceptions, venue in Orleans Parish was improper.
The next issue to be considered is whether the trial court erred in failing to transfer Plaintiffs suit against Gregory Wilson to a court of competent venue rather than dismissing the suit with prejudice.
La.C.C.P. art. 121 states that when an action is brought in a court of improper venue, the court may dismiss the action, or in the 'interest of justice, transfer it to a court of proper venue. Jurisprudence indicates that transfer rather than dismissal has been limited to cases where the plaintiff “does not have sufficient knowledge to ascertain the correct venue.” Marler v. Petty, 94-1851, 653 So.2d 1167 (La.4/10/95); Habig v. Popeye’s Inc., 553 So.2d 963, (La.App. 4 Cir.1989). After reviewing Plaintiffs petition, we find that Plaintiffs did have [ ^sufficient knowledge to determine the proper venue for the malpractice action against Gregory Wilson, and thus, the trial court was acting within its discretion in dismissing the suit.
Defendant Gregory Wilson argues that the trial court recognized that the claims against him had prescribed and thus, dismissed Plaintiffs action with prejudice. On appeal, Gregory Wilson properly pleaded a peremptory exception of prescription. Plaintiffs, in response, argue Gregory Wilson failed to raise the objection of prescription in the trial court, and that it is a new issue on appeal/
La.C.C.P. art. 927 states specifically, in pertinent part, that “[t]he court cannot supply the objection of prescription, which must be specifically pleaded.” The same is true on the appellate level. However, “the appellate court may consider the peremptory exception filed for the-first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.” La.C.C.P. art. 2163. See Marshall v. Marshall, 390 So.2d 1365, 1368 (La.App. 4 Cir.1980), on remand 399 So.2d 1253, writ denied 405 So.2d 531 (La.1981) *468 (holding that a plea of prescription may be filed for the first time in an appellate court as long as it is presented in a formal pleading prior to the submission of the case for decision).
Because Gregory Wilson has properly pleaded a peremptory exception of prescription, we will address the issue.
R.S. 9:5605 Actions for legal malpractice provides in part:
A. No action for damages...shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such 17actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
Plaintiffs original petition filed on September 3, 1992 alleges malpractice. Specifically, the petition states that Gregory Wilson “failed to file a Request for Notice in the Succession proceedings as required by law, thereby allowing Whitney to be appointed Provisional Administrator) and failed to timely file for an administration of the Succession, thereby causing unnecessary expenses, attorney’s fees and other damages to the Succession and its heirs....” However, Plaintiffs did not request service on Gregory Wilson and Wilson and Sexton until they filed a First Supplemental and Amending Petition on September 19, 1997. Thus, we agree with defendant Gregory Wilson that Plaintiffs had sufficient knowledge long before September 19, 1997 to assert a malpractice suit against him and his firm. Also, we find that Gregory Wilson was improperly joined with defendants Whitney, Maytag, Jenn-air Company and Maycor Parts and Services and thus, prescription was not interrupted. Accordingly, we find that Plaintiffs failed to file suit against Gregory Wilson in a parish of proper venue within the prescriptive period.
II. IMPROPER CUMULATION OF ACTIONS
Plaintiffs allege that Defendant Whitney should be joined with defendant Gregory Wilson because there is a community of interest between the parties. Plaintiffs’ argument is without merit.
La. C.C.P. art. 461 defines the cumulation of actions as “the joinder of separate actions in the same judicial demand, whether by a single plaintiff against .a single defendant, or by one or more plaintiffs against one or more defendants.” IsWhen two or more defendants are joined in the same suit there must be: (1) a community of interest between the parties joined; (2) each of the actions cumulated must be within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated must be mutually consistent and employ the same form of procedure. La. C.C.P. art. 463. If the court lacks jurisdiction of, or if the venue is improper as to, one of the actions cumulated, that action shall be dismissed. La. C.C.P. art. 464. Even if the court finds cumulation is proper, it may nonetheless order separate trials of the actions if it would simplify the proceedings. La.C.C.P. 465.
In this instant case, we have already concluded that the only appropriate venue for Plaintiffs’ suit against Gregory Wilson is in Baton Rouge; therefore, on the basis of La. C.C.P. art. 463(2) alone, cumulation is inappropriate. Moreover, even had we not found exclusive venue as to Gregory Wilson to lie elsewhere, the outcome would be no different. The test in determining whether the defendants have a community of interest is whether the cumulated causes of action arise out of the same facts, or whether they present the same factual and legal issues. Miller v. Commercial Union Companies, 305 *469 So.2d 560, 562 (La.App. 2 Cir.1974). The claims against Gregory Wilson are for malpractice while the claims against Whitney and the other defendants are for breach of contract, wrongful seizure, wrongful filing of suit, tortuous interference with contracts, conversion and breach of fiduciary duty. Thus, we do not find that the actions present the same factual and legal issues. Furthermore, because we have already concluded that the actions against Gregory Wilson have prescribed, Plaintiffs’ argument for severing the actions is moot.
| pill. REDEMPTION OF LITIGIOUS RIGHTS
Plaintiffs argue that the trial court erred in granting the motion to allow redemption of litigious rights filed by Whitney. Specifically, Plaintiffs allege that (1) a right from a succession is not a litigious right, and (2) that the succession and the heir were “co-owners and joint possessors” of the rights and are statutory exceptions to the litigious rights article. Plaintiffs’ argument has no merit.
Before addressing whether the sale of the litigious right was proper, we must first address the issue of who had the right to sue defendant Whitney ou behalf of the succession. La. C.C.P. art. 685 states that a succession representative is “the proper plaintiff to sue to enforce a right of the deceased or his succession... [t]he heirs or legatees of the deceased, whether present or represented in the state or not, need not-be joined as parties, whether the action is personal, real, or mixed.” Accordingly, because the succession is the only party alleged to have been damaged by Whitney’s actions, Plaintiff James Gurley did not have an individual right against Whitney.
Defendant Whitney argues that because James Gurley had no right of action to bring the lawsuit, he purchased this litigious right from the succession. We agree. As La. C.C. art. states, in pertinent part, “[w]hen a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.” Here, Plaintiff James Gurley agreed to take $1,500.00 less as a legatee of the succession in order- to place himself in possession of the lawsuit. We agree with defendant Whitney that when James Gur-ley put a purchase price on his receiving possession of the suit, he essentially gave Whitney the right to extinguish its obligation by paying him that price. Thus, we find no error in the trial court’s Imjudgment sustaining Whitney’s right to redeem the litigious right and dismissing the suit against Whitney.
For the reasons stated above, we affirm the trial court’s judgment granting Gregory Wilson’s exceptions of improper venue and improper cumulation of action and dismissing his suit'with prejudice, and granting Whitney’s motion to allow redemption of litigious right and dismissing its suit with prejudice.
AFFIRMED.

. Plaintiffs also filed suit against Maytag Corporation, Maytag’s Unincorporated Division, Jenn-Air Company, Maycor Parts and Services, Inc. alleging acts of breach of contract, wrongful seizure of the succession, tortious interference with contracts, conversion and breach of fiduciary duty.