850 So.2d 1 (2003)
Barbara MAUBERRET-LAVIE, et al
v.
Michael Gerard LAVIE, et al.
Nos. 2003-C-0099, 2003-C-0100.
Court of Appeals of Louisiana, Fourth Circuit.
June 11, 2003.
*2 Frank C. Dudenhefer, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA, for Relator.
Bonnie B. Schultz, New Orleans, LA, for Respondent.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
Barbara Mauberret-Lavie is the mother of a daughter who was adopted by her husband Michael Lavie when the child was an infant. Following their divorce, a custody battle ensued with Barbara Mauberret-Lavie losing many of her custody rights due to an alleged drug addiction. Ms. Mauberret-Lavie then filed this suit against Michael Lavie and as many as thirty others, alleging Lavie sexually molested the child, and that the other defendants engaged in a course of action to assist him in covering up the molestation and in identifying the plaintiff as the unworthy parent, all in an attempt to deprive the plaintiff of contact with the child. The defendants include attorneys who either represented the plaintiff or her former husband, several drug screening centers, various health care providers, local law enforcement personnel, drug counselors, testing laboratories, social workers, and treating physicians. Each of the above relators filed an exception of improper cumulation of actions under La. C.C.P. art. 926 that was denied; and in these two separate writ applications, they seek this court's supervisory jurisdiction.
La. C.C.P. article 463 states:
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.
The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. Strahan et al. v. Maytag Corp., et al., 99-0869, p. 8. (La.App. 4 Cir. 4/5/00), 760 So.2d 463, 468. Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together. See also First Guaranty Bank v. Carter, 563 So.2d 1240 (La.App. 1 Cir.1990), (citing, The Official Revision Comments to Article 463 which states that a review of Louisiana case law indicates that a community *3 of interest and common interest refer to exactly the same concept); Albarado v. Union Pacific R.R. Co. 2000-2540, 2000-2550, 2000-2555, 2000-2556, 2000-2560, 2000-2578 (La.App. 4 Cir. 4/25/01), 787 So.2d 431, rehearing denied, writ granted on other grounds, XXXX-XXXX (La.9/14/01), 796 So.2d 666.
In Albarado, the plaintiffs were employees or former employees of railroad carriers. They alleged that their work required them to take railroad cars on property of chemical manufacturers where hazardous and carcinogenic chemicals are pumped into and out of railroad tanker cars. Further they claimed exposure to chemicals at such sites and failure on their employers' part to notify them of such chemicals at the site or provide them protection against such exposures. They alleged their claims under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et. seq., Occupational Safety and Health Administration (OSHA) and the Federal Railroad Act (FRA). They also alleged a conspiracy amongst the defendant railroad carriers to withhold knowledge about the hazards so that they were denied their rights to file FELA claims.
This court found the actions had been improperty cumulated and reversed the denial of the exception made pursuant to La. C.C.P. art. 926(7), stating:
In an attempt to prove the community of interest, the Plaintiffs attempt to represent these claims as emerging from a mass conspiracy amongst the defendants to deprive their employees of a safe workplace for two reasons namely: 1) A conspiracy alone may provide the necessary "community of interest" between the claims. See e.g. Trentecosta v. Beck, 96-2388, 703 So.2d 552 (La.1997); and 2) Conspiring defendants are solidarity liable for damages caused by the conspiracy. La.C.C. Art. 2324 (1999). Assuming a conspiracy is established, an action for instance against CSX may still be brought in Orleans Parish because venue is proper as to its co-conspirators such as AGS/NSR and co-conspirators are solidarily liable to the plaintiffs. La. C.C.P. Art. 73 (2000).
However, Plaintiffs' argument fails because of admissions made earlier in the district court. Specifically, the Plaintiffs made unwavering representations that their only cause of action arises under FELA, which rules out the conspiracy argument. In particular, the Plaintiffs' claimed, "None of the Plaintiffs are making any claims against any non-employer Defendant railroad. The individual Plaintiffs are asserting FELA claims against their own employer defendant railroad." In fact, the federal district judge highlighted this fact as one of the reasons that court was remanding the case to state court.
FELA is the exclusive remedy for injured railroad workers and thus employees can only sue their respective employers. FELA, 45 U.S.C. § 51 et. mandates that each respective employer provide a safe work place for its own employees or such employer "shall be liable in damages to any of its own employees that suffer any injuries as a result of the railroad's negligence." See also Dragon v. Cooper/T. Smith Stevedoring Co., 98-CA-1375, 726 So.2d 1006, 1008 (La.App. 4 Cir., 1999) (emphasis added). Moreover, courts are less likely, especially where substantive rights are involved in the interest of achieving judicial economy through cumulation, to compromise fairness to litigants. See Abshire v. State, Through Department of Insurance, 93-923, 636 So.2d 627, 633 (La.App. 3 Cir.1994). Cumulation of unrelated claims is unfair to the parties *4 given the absence of a common operative set of facts.
Albarado, pp. 11-12, 787 So.2d at 438-439.
The petition in this case essentially alleges that the wide range of defendants was, or continues to be, involved in an elaborate conspiracy against Ms. Mauberret-Lavie. The petition alleges that Mr. Lavie has attempted to deprive the plaintiff of visitation with her daughter, that he has made false statements to law enforcement officials, and that he has molested the child and then concealed the molestation. The facts necessary to prove these claims differ from the facts necessary to prove malpractice on the part of the various doctors sued, malpractice and misuse of the judicial process on the part of the lawyers sued (including Mr. Cummings), malfeasance of various public officials sued, or unethical business practices on the part of the drug screening defendants. The legal theories presented are widely divergent. As such, we find that there is no "community of interest" between the cumulated actions, and that the exceptions of improper cumulation of actions were improperly denied.
Mr. Lavie and Mr. Cummings ask that plaintiff's petition be dismissed for improper cumulation of actions. However, dismissal of improperly cumulated actions is required only where the trial court lacks jurisdiction, or where venue is improper. La. C.C.P. art. 464. When cumulation is improper for any other reason, the trial court may order separate trials of the actions or order plaintiff to elect the action he wishes to proceed upon, and to amend his petition so as to delete therefrom all allegations relating to the action that he elects to discontinue. La. C.C.P. art. 464. Because cumulation is improper in this case for reasons other than jurisdiction and venue, we will remand this matter to the trial court for further proceedings.
Even though Mr. Cummings is not entitled to dismissal of plaintiff's petition based on the improperly cumulated actions, he is entitled to dismissal of the petition against him if it fails to state a cause of action against him. In Montalvo v. Sondes, 93-2813, p. 4 (La.5/23/94), 637 So.2d 127, 130, our Supreme Court stated that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. Therefore, a non-client cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. Id. The only exception to this rule that the Louisiana Supreme Court has recognized is when the cause of action against the attorney is based on intentional tort. Id.; Penalber v. Blount, 550 So.2d 577 (La. 1989).
We have reviewed plaintiff's petition, and find that it fails to allege facts sufficient to state a cause of action in intentional tort against Mr. Cummings. Accordingly, we find that the trial court erred in overruling Mr. Cummings' exception of no cause of action. La. C.C.P. art. 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Therefore, this matter will be remanded to the trial court to allow plaintiff the opportunity to amend her petition within a reasonable period of time.
We need not address the propriety of the trial court's judgment overruling of Mr. Cummings' exceptions of prematurity *5 and vagueness because the allegations against Mr. Cummings at this time are not sufficient to state a cause of action against him, and the petition against him will be dismissed if it cannot be amended to state a lawful cause of action. Those exceptions are moot because of our disposition of the exception of no cause of action.
For the reasons assigned, the trial court's judgment overruling Mr. Cummings's exception of no cause of action is reversed. This case is remanded to the trial court to allow plaintiff to amend her petition within a reasonable period of time. The trial court rulings overruling the exceptions of improper cumulation of actions filed by Michael Lavie and John Cummings are also reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
Ms. Mauberret-Lavie filed a request for sanctions in 2003-C-0099 and 2003-C-0100, and Mr. Cummings filed a request for sanctions in 2003-C-0100. Both requests for sanctions are hereby denied. Ms. Mauberret-Lavie's motion to strike the writ applications filed in 2003-C-0099 and 2003-C-0100 is also denied.
WRIT GRANTED IN PART; DENIED IN PART; REMANDED.