975 So.2d 44 (2007)
John E. SPELLMAN
v.
DISCOUNT ZONE GAS STATION and John Doe, Employee and Insurance Company.
No. 07-CA-496.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*45 Stephen N. Elliott, William D. O'Regan, IV, Bernard, Cassisa, Elliott & Davis, Metairie, Louisiana, for Defendant/Appellee.
John E. Spellman, St. Francisville, Louisiana, In Proper Person.
*46 Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
Plaintiff/appellant, John Spellman ("Spellman"), appeals a judgment of the Twenty-Fourth Judicial District Court granting an Exception of Vagueness in favor of defendant/appellee, Discount Zone Gas Station ("Discount Zone"). Spellman, in proper person, filed a Complaint for Damages against Discount Zone, "John Doe Employee" and "Insurance Company." The petition alleged that, on March 23, 2006, he was advised in criminal district court that defendant had a surveillance video tape of him and that the tape was given to other people in the community without his consent. He further alleged that the photo "was shown all over this community by a person named Natalie Floyd, and this was witnessed by other people of that area in Metairie, Louisiana." According to Spellman, this constituted a tort claim as a "Green Light invasion of his privacy and an infringement of his rights." Spellman further urged that the defendants caused him to be arrested "based on the photo being produced where such photo does not show any crime being committed by plaintiff against defendant."
Discount Zone filed Exceptions of Insufficiency of Service of Process and Vagueness. The exceptions were heard, and the trial court sustained the exception of insufficient service and granted Spellman thirty days to effect service. The exception of vagueness was taken under advisement and ultimately granted. Although Spellman argues it was error to grant the exception of insufficient service, the motion for appeal was taken only from the second judgment dated February 22, 2007.
At the hearing, Spellman stated that Discount Zone had a tape of him using the telephone at the store, spliced it, and "gave it to people in the community" without his permission and "made [him] out to be a suspect" (apparently of a robbery). Other people were "looking to do [him] harm." According to Spellman, Discount Zone slandered him.
In granting the exception, the court cited Jaubert v. Crowley Post-Signal Inc.,[1] which discussed the ways the right to privacy might be invaded. The trial court found that, in the present matter, the petition was devoid of sufficient facts that would indicate a Jaubert violation. Referring to the photograph to which Spellman objected, the court discussed Jaubert and stated that an invasion of privacy does not occur when an individual makes a photograph which anyone is free to see. Ultimately, the court determined to dismiss the petition because grounds for the objection could not be removed by amendment.
A petition shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. LSA-C.C.P. art. 891.
The purpose of the exception of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense, as well as additionally by a formal pleading to identify the cause of action so as to bar its future relitigation after determination by the present suit.[2] *47 However, the defendant is not entitled through the exception of vagueness to require exactitude and detail of pleading beyond those necessary for these aims.[3] An exception of vagueness will be denied if the petition fairly informs the defendant of the nature of the cause of action and includes sufficient particulars for the defendant to be able to prepare his or her defense.[4]
The petition at issue here names or attempts to name several defendants. It states that a surveillance tape or photo was given to other people in the community without Spellman's consent. A person not named as a defendant is stated to have shown the photo around the community. There are no facts alleged indicating that it was Discount Zone that distributed the likeness. At the hearing, Spellman stated that Discount Zone spliced a tape of him using the telephone at the store and gave it to people without his permission. As we appreciate it, Spellman is attempting to allege that he was intentionally falsely implicated as being a suspect in a robbery. In the context of an action for invasion of privacy, the petition makes a broad allegation that Spellman's likeness was given to other people. It fails to advance material facts of the transaction or occurrence that is the subject matter of the litigation and does not include sufficient particulars for the defense. The petition is clearly subject to an exception of vagueness.
We further note that, in Louisiana, the right of privacy embraces four different interests: the appropriation of an individual's name or likeness, for the use or benefit of the defendant; when the defendant unreasonably intrudes upon the plaintiffs physical solitude or seclusion; publicity which unreasonably places the plaintiff in a false light before the public; and unreasonable public disclosure of embarrassing private facts.[5] In the present case, it is the third category at issue. In that regard, the Jaubert Court stated that, while the publicity need not be defamatory in nature, but only objectionable to a reasonable person under the circumstances, it must contain either falsity or fiction.
Unknowable except to one's self is the hidden, private line between one's public displays and one's private self. The tort of false light invasion of privacy affronts that private self by publicizing a public display in a manner which is both unreasonable and false. If the publicity is an accurate portrayal of the public display, if the publicity is not unreasonable and false, then plaintiff has no actionable privacy interest, even if the publicity has caused embarrassment, offense, or damage.[6]
In Louisiana jurisprudence, the right to privacy has been variously defined as "the right to be let alone" and "the right to an `inviolate personality.'"[7] A violation of the right to privacy constitutes a breach of duty, or fault. Where no such right to privacy exists, however, a person's conduct may be the cause of another person's embarrassment, discomfiture, or monetary loss, but it will not constitute a "legal cause," because no duty has been breached.[8] A defendant's duty is to avoid unreasonable invasions of plaintiffs "inviolate *48 personality." There is no duty to avoid reasonable, accurate publicity because it embarrasses and offends. "Fault" flows from conduct which is unreasonable and contains falsity or fiction.[9] Spellman's petition alleges neither falsity nor fiction.
While the dilatory exception of vagueness addresses the detailed sufficiency of the petition, the peremptory exception of no cause of action tests the legal sufficiency of the pleadings detailed in the petition. To the extent that Spellman may have attempted to allege a "false light" invasion of privacy, we note ex proprio motu that the petition also fails to state a cause of action. The facts alleged do not disclose in what false light Spellman may have been placed or unreasonable conduct on the part of Discount Zone. Although Spellman avers that the "defendants" caused him to be arrested, he does not indicate reason, circumstances and result of his appearance in criminal court. However, we note that Spellman's address during these proceedings is at a Louisiana correctional center.
From the petition, we cannot discern conduct on the part of Discount Zone that constituted an actionable invasion of privacy.
For the foregoing reasons, the judgment dismissing Spellman's cause of action is affirmed.
AFFIRMED.
NOTES
[1] 375 So.2d 1386 (La. 1979).
[2] See, AAA Delivery, Inc. v. Airborne Freight Corp., 94-346 (La.App. 5 Cir. 11/16/94), 646 So.2d 1113, writ denied, 94-3073 (La.2/9/95), 649 So.2d 423; Smart v. Gold, Weems, Bruser, Sues & Rundell, XXXX-XXXX (La.App. 3 Cir. 4/4/07), 955 So.2d 263, writ denied, XXXX-XXXX (La.6/22/07) 959 So.2d 497.
[3] Id.
[4] Smart v. Gold, supra.
[5] Jaubert v. Crowley Post-Signal Inc., supra.
[6] Easter Seal Soc'y For Crippled Children and Adults of La., Inc. v. Playboy Enterprises, Inc., 530 So.2d 643, 647 (La.App. 4 Cir. 1988), writ denied, 532 So.2d 1390 (La.1988).
[7] Id.
[8] Id.
[9] Id.