MARION F. EDWARDS, Chief Judge.
 

 LThe four judgments before us in this appeal derive from a lengthy and complex action for damages involving the contamination of land by various oil field-related
 
 *522
 
 companies over a period of decades. The initial action involved a large tract of commercial property in Harvey, Louisiana, some of which the Grefer family owned since 1875. The property had been used to clean pipes used in oil field drilling from about 1945 until about 1997. During that time, numerous oil companies brought pipes to the property for cleaning by numerous oilfield-related companies. This process caused the property to be contaminated by various hazardous, toxic, and carcinogenic substances. The Grefer family filed suit for 14 damages against several defendants as a result of the contamination. Many other lawsuits have been filed concerning the contamination of this property since that original lawsuit was filed.
 
 [1]
 

 The underlying action in the case before us in this appeal is
 
 Brittany Roache, et al v. Alpha Technical Services, Inc. et al.,
 
 which was filed by twenty-eight plaintiffs (“Roache plaintiffs”) who lived in the vicinity of the contaminated land over that period, and who have contracted cancer or other illnesses or damages they allege were caused by the contamination. The Roache plaintiffs named over forty defendants, including many of the original plaintiffs and defendants in the initial action. Several petitions of intervention were filed, adding many additional plaintiffs.
 
 [2]
 

 The four judgments at issue in this appeal come from one of the petitions of interventions filed by Odile Gordon and eleven other plaintiffs (“Gordon plaintiffs”). The Gordon plaintiffs’ petition for intervention named forty-one defendants, including Joseph and Camille Grefer (“the Grefers”), Exxon Mobile Corporation, Mobil Exploration, Producing North America, Inc., Mobile Exploration and Producing U.S., Inc. and Mobil Oil Exploration and Producing Southeast, Inc., and others (collectively “ExxonMobil”). In response to the intervention petition of the Gordon plaintiffs, both the Grefers and ExxonMo-bil filed various exceptions, including dilatory exceptions of vagueness, ambiguity of the petition, and failure of the petition to comply with La. C.C.P. art. 891, and improper cumulation of parties.
 

 The trial court sustained the exceptions of vagueness and non-conformity with the provisions of La. C.C.P. art. 891 filed by both the Grefers and RExxonMobil, and it ordered the Gordon plaintiffs to amend the petition of intervention to remove the grounds for the exceptions. The Gordon plaintiffs filed an amended petition in accordance with the trial court’s order.
 

 The Grefers and ExxonMobil filed renewed exceptions of vagueness, ambiguity and non-conformance of the amended petition with La. C.C.P. art. 891 and improper cumulation of parties. In two separate hearings, the trial court considered all of exceptions and ultimately rendered four judgments that are the grounds for this appeal.
 

 The trial court granted ExxonMobil and the Grefers’ respective exceptions of vagueness, ambiguity, and non-conformity of the petition and the amended petition with La. C.C.P. art. 891 and dismissed the Gordon plaintiffs’ intervention without prejudice in two separate judgments. The trial court also issued two judgments granting the respective exceptions of improper cumulation of actions and/or improper joinder of parties filed by Exx-onMobil and the Grefers. In those judg
 
 *523
 
 ments the trial court also added the following:
 

 Alternatively, if the granting of the vagueness and nonconformity exceptions and the attendant dismissal without prejudice should be overturned in whole or in part, IT IS ALSO HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to La.C.C.P. arts. 464 and 465, there shall be a separate trial of the claims asserted by each individual intervenor, based upon the granting of the improper cumulation exception.
 

 Additionally, the trial court gave written Reasons for Judgment as it relates to the Grefers and to ExxonMobil.
 

 The Gordon plaintiffs have appealed all four judgments.
 
 [3]
 

 LAW AND ANALYSIS
 

 Exception of Vagueness as to the Grefers
 

 |fiIt is fundamental that a petition for damages must give a defendant sufficient notice of the facts sought to be proven against him so as to enable him to prepare a defense, and, additionally, by a formal pleading to identify the cause of action so as to bar its future relitigation after determination by the present suit. The purpose of the exception of vagueness is to ensure that notice.
 
 [4]
 
 Specifically, a petition shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation.
 
 [5]
 
 The dilatory exception of vagueness addresses the detailed sufficiency of the petition.
 
 [6]
 

 In the original petition for intervention, the Gordon plaintiffs allege that the Gre-fers and thirty-seven other defendants are liable in solido. The allegations made against the Grefers in the original petition are that the Grefers and other landowners owned land identified by a general property description rather than a municipal address “in various proportions and at various times.” It is also alleges that contaminated oil field pipe was delivered to companies who leased parts of the property to companies who cleaned the pipes. The Gordon plaintiffs’ original petition of intervention states the pipe cleaning operations “were conducted on all or part of the property continuously from at least 1946 to 1992.”
 

 In the amended petition of intervention, the Gordon plaintiffs extend the allegations against the land owners to a include a claim for punitive damages in addition to compensatory damages because of the toxic nature of the contamination. However, the amended petition does not clarify the location of specific company defendants, or the time frame in which various owners owned 17and/or leased the land. Given the allegations in both the original and amended petitions, we find no error in the trial court’s decision to grant the Grefers’ exception of vagueness, ambiguity, and failure to comply with La. C.C.P. art. 891.
 
 *524
 

 Exception of Vagueness as to ExxonMo-bil
 

 Upon consideration of the original petition of intervention and the amended petition filed by the Gordon plaintiffs as they apply to claims made against Exxon-Mobil, we find some of the same vagueness and ambiguity issues as with the allegations against the Grefers. The property description is still vague and the time frame is far too comprehensive. Many of the defendants are alleged to have been conducting business somewhere on the property at some point in a forty-six-year period. Also, as pointed out in the trial court’s Reasons for Judgment, the use of generalized terms like “other hazardous materials,” “any other fault,” and “violations of regulations.” Thus, the petition does not give the required notice to specific defendants of the necessary elements of the alleged actionable activity. In conclusion, we find the allegations made in the petitions, that many defendants, engaged in some hazardous activity, somewhere on a parcel of land in Harvey, over a time period of forty-six years, do not meet the requirements of La. C.C.P. art. 891.
 

 Accordingly, we affirm the two judgments which granted defense exceptions of vagueness, ambiguity, and failure to comply with La. C.C.P. art. 891 and dismiss the petitions without prejudice.
 

 IMPROPER CUMULATION OF PARTIES
 

 Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent [sand employ the same form of procedure.
 
 [7]
 
 The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues.
 
 [8]
 
 Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together.
 
 [9]
 

 In the Reasons for Judgment, the trial court stated:
 

 This case is rampant with differences. For example, the total plaintiffs in the suit, including the original plaintiffs and the plaintiffs named in the interventions, number in the thousands. They appear as landowners, employees, or visitors. All assert different injures, suffered under different facts, at different locations, by different defendants, and during different time periods, spanning forty-six (46) years or more. The differences continue: damages or remedies sought, the law governing the claims of punitive damages, and the facts underlying venue and prescription issues are vastly different. These differences are not eliminated by considering only the “Mustian” Intervention. The variations in evidence would be overwhelming and would create much confusion. The court finds that such a cumulation would prejudice the defendants’ rights....
 

 (Citations omitted.)
 

 We find the above Reasons accurately describe the circumstances of this case and provide ample justification for the trial
 
 *525
 
 court’s ruling granting the improper cumu-lation of parties.
 

 Accordingly, we affirm all four judgments at issue in this appeal.
 

 AFFIRMED
 

 [1]
 

 . The
 
 In Re Harvey Term Litigation,
 
 04-0005 (La.App. 4 Cir. 4/7/04), 872 So.2d 1214,
 
 writ denied,
 
 04-1151 (La.6/25/04), 876 So.2d 846.
 

 [2]
 

 . Estimates of the total additional intervening plaintiffs range from 2000 to 6000 according to various testimony and pleadings regarding the litigation.
 

 [3]
 

 . There are also similar rulings on motions filed by defendant, Intracoastal Tubular Services, Inc. However, those judgments are not included in this appeal. Therefore, the issues in the Gordon plaintiffs’ supplemental brief relating to the judgments in favor of Intra-coastal Tubular Services, Inc. will not be addressed in this opinion.
 

 [4]
 

 .
 
 See, AAA Delivery, Inc. v. Airborne Freight Corp.,
 
 94-346 (La.App. 5 Cir. 11/16/94), 646 So.2d 1113,
 
 writ denied,
 
 94-3073 (La.2/9/95), 649 So.2d 423.
 

 [5]
 

 . La. C.C.P. art. 891.
 

 [6]
 

 .
 
 Spellman v. Discount Zone Gas Station,
 
 07-496 (La.App. 5 Cir. 12/27/07), 975 So.2d 44,
 
 writ denied,
 
 08-0337 (La.4/4/08), 978 So.2d 328.
 

 [7]
 

 . La. C.C.P. art. 463.
 

 [8]
 

 .
 
 Strahan et al. v. Maytag Corp., et al.,
 
 99-0869, p. 8, (La.App. 4 Cir. 4/5/00), 760 So.2d 463, 468.
 

 [9]
 

 . Mauberret-Lavie v. Lavie,
 
 03-0099, p. 2 (La.App. 4 Cir. 6/11/03), 850 So.2d 1,
 
 writ denied,
 
 03-1989 (La. 12/19/03), 861 So.2d 569.