SANDRA CABRINA JENKINS, Judge.
11 This matter arises from the filing of two separate lawsuits involving approximately one hundred sixty plaintiffs. Defendants filed an exception of improper cumulation of actions and/or improper join-der of parties with its answer in each action, which was granted in the first proceeding and denied in the second. Plaintiffs timely appeal the judgment granting the exception in the earlier-filed proceeding, and ,in a separate writ application, consolidated herein with this appeal, defendants seek supervisory review of the inconsistent ruling in the latter-filed proceeding.
For the following reasons, we reverse the judgment granting defendants’ exception and remand the matter to the trial court for further proceedings. In addition, we grant defendants’ writ application and affirm the judgment denying their exception.
FACTS AND PROCEDURAL HISTORY
Defendants, Festiva Resorts, LLC and Festiva Development Group, LLC (collectively “Festiva”), develop and market memberships in a points-based vacation club (“the Club”). Festiva encourages consumers to attend an individual or group sales presentation in New Orleans, Louisiana, and the attendees are offered the opportunity to purchase memberships in the Club. Those who purchase La membership enter into an agreement with Fes-tiva, and the member is allotted points based on their level of membership, which can then be used to book accommodations.
On November 27, 2013, eighty-six individuals, each of whom purchased a membership from Festiva, jointly filed suit against Festiva (“the Cooper action”).[1] The Cooper action was assigned to Judge Paula Brown of the Orleans Parish Civil District Court, bearing docket number 2013-11147. On May 27, 2014, eighty additional individuals filed a separate action against Festiva (“the Adams action”).[2] The Adams action was assigned to Judge *1060 Piper Griffin of the Orleans Parish Civil District Court, bearing docket number 2014-05151.
The Petitions for Damages in both proceedings are nearly identical. In their petitions, plaintiffs allege that they were subjected to a high-pressured sales approach designed by Festiva to unreasonably induce customers to purchase defendants’ “product.” Plaintiffs assert that when they ultimately succumbed to the sales pitch, they were coerced into signing various documents without reading them, were not provided documents that were referenced in the sales pitch concerning incorporations, bylaws, rules and regulations, and a declaration, and were not disclosed critical information regarding costs and availability of the Club. Thus, plaintiffs claim they were victims of unfair, deceptive, and misleading advertising and there was no meeting of the minds because plaintiffs could not possibly have understood the depth of the obligation to which they were agreeing. Finally, plaintiffs contend that after making their purchases, they were unable to reserve the properties because the facilities were unavailable or not available at the Urates promised by Festiva, and that they were charged collection and maintenance fees, travel insurance, and other assessments, which were not disclosed; attempts to contact Festiva about said charges were unsuccessful.
Accordingly, plaintiffs’ petitions pray for rescission of the sale and the contract to be declared absolutely null, the return of funds paid to Festiva and third parties, compensatory and treble damages, prejudgment interest from the date of demand, costs and attorney’s fees, the reversal of negative credit reports to credit agencies, specific performance of the gifts that were promised at the presentation, and the termination of any relationships between plaintiffs and associated third parties.
Festiva timely filed its answer along with multiple exceptions in both actions, including an exception of improper cumula: tion of actions and/or improper joinder of parties (“the Exception”). After plaintiffs filed oppositions and the matter came for hearings, Judge Brown granted the Exception on September 4, 2014,[3] in the Cooper action, dismissing it without prejudice, and Judge Griffin denied the Exception on January 15, 2015,[4] in the Adams action.
DPlaintiffs now appeal the judgment in the Cooper action and Festiva seeks supervisory review of the ruling in the Adams action.
LAW AND ANALYSIS
The Cooper Action[5]
In their sole assignment, plaintiffs contend that the judgment granting the *1061 Exception is reversible error because it is contrary to La. C.C.P. art. 463.
La. C.C.P. art. 463 provides, in pertinent part:
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
The second and third element of La. C.C.P. art. 463 are satisfied here as the sales took place in New Orleans and the claims employ the same ordinary procedure. Thus, it is clear that this ease turns on one issue-whether the plaintiffs share a “community of interest.”
In maintaining the Exception, Judge Brown acknowledged the similarities amongst the claims, but found that:
Having reviewed the record and after weighing the arguments advanced by counsel, this Court is of the opinion that a mass joinder of claims in the case at bar is | .Inappropriate. While it remains undisputed that plaintiffs undoubtedly share a commonality of interest with respect to the resolution of their individual claims stemming from the solicitation and their subsequent purchase of timeshares, if they bought timeshares; [sic] it also stands to reason that the underlying factual circumstances necessary to establish liability against Festiva will vary by plaintiff....
To satisfy La. C.C.P. art. 463(1), the parties must share a community of interest such that the cumulated actions arise out of the same facts or present the same factual and legal issues. Mauberret-Lavie v. Lavie, 03-0099, p. 2 (La.App. 4 Cir. 6/11/03), 850 So.2d 1, 2 (citing Strahan v. Maytag Corp., 99-0869, p. 8 (La.App. 4 Cir. 4/5/00), 760 So.2d 463, 468). A community of interest is present when there is enough factual overlap between the cases to make it “commonsensical to litigate them together.” Id. (citations omitted).
We believe the plaintiffs’ actions herein do reflect the same factual and legal issues. The facts of the plaintiffs will undoubtedly vary, but not significantly, as the assertions made in the petitions show that all plaintiffs attended a ninety-minute sales presentation, experienced a sales pitch from Festiva,[6] paid Festiva for what the plaintiffs understood to be a timeshare, signed contracts with Festiva,[7] and experienced not being able to use what they had purchased. Likewise, the legal theories are substantially similar as the plaintiffs’ claims are all generally based in contract. Thus, enough factual overlap is present between the cases and the legal theories are sufficiently similar such that joinder is commonsensical.
*1062 Nevertheless, we recognize the discretion of the trial court in the management of these cases as provided for in La. C.C.P. art. 465, which states | fi“[w]hen the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.”
Judge Brown granted the Exception and dismissed the action without prejudice. La. C.C.P. art. 464 provides that when jurisdiction or venue is improper, the action shall be dismissed. However, when, as in the instant case, the cumulation is deemed improper for other reasons, the court may “(1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue.” La. C.C.P. art. 464.
Under these circumstances and in light of the above cited articles, we find the proper remedy would be to order separate trials of the cumulated actions,[8] or to order the plaintiffs to elect which actions they wish to continue to litigate. Thus, because Judge Brown found that the cumulation was improper for reasons other than jurisdiction and venue, the judgment is reversed and the matter is remanded to the trial court for further proceedings.
The Adams Action[9]
17Festiva’s writ application asserts that Judge Griffin erred in finding that plaintiffs’ claims satisfy the requirements for joinder and by not dismissing the lawsuit or severing plaintiffs’ claims into individual actions. Festiva further contends the trial court focused solely on one plaintiffs cause of action and one factor of Festiva’s defense in deciding the community-of-interest element. Finally, Festiva alleges the trial court erred in considering judicial economy in its joinder analysis because it is not a statutorily provided factor.
For the same reasons we find that Judge Brown erred in granting the Exception in the Cooper action, we find that Judge Griffin did not abuse her discretion in denying the Exception in the Adams action. Therefore, Festiva’s writ application is granted and the judgment is affirmed.
*1063 DECREE
For the above and foregoing reasons, the judgment granting Festiva’s exception of improper cumulation of actions and/or improper joinder of parties is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion. The consolidated writ application is granted and that judgment is affirmed.
JUDGMENT REVERSED AND REMANDED IN 2014-CA-1327; WRIT GRANTED AND JUDGMENT AFFIRMED IN 2015-C-0159

. On June 13, 2014, a motion to dismiss two plaintiffs was entered on the minutes. Thus, the Cooper action now consists of eighty-four plaintiffs.

. On December 19, 2014, a motion to dismiss four plaintiffs was entered on the minutes. Thus, the Adams action now consists of seventy-six plaintiffs.

.Judge Brown actually issued a judgment on July 8, 2014, which stated:
[Gjranting of Defendant’s Exception is deferred for a period of 30 days from the date this matter came on for hearing. During that time, the parties are to attempt to fashion a mutually-agreeable plan for consolidating certain of the individual claimants into sub-groups. The parties shall return to Court on August 1, 2014 at 9:00 a.m. to present their proposal to the Court for approval. If at that time the parties inform the Court that despite diligent efforts, they are unable to reach an agreement in accordance with the foregoing, Defendants' Exception will be granted.
Festiva then filed a Notice of Compliance on August 28, 2014, advising that attempts to fashion an agreement pursuant to the provisional judgment were unsuccessful. Judge Brown then signed the judgment granting the Exception on September 4, 2014.

. The Exception was denied after four plaintiffs were dismissed because of lack of jurisdiction and/or venue. See supra note 2.

. As pointed out by Festiva, plaintiffs attach Exhibits A, C, D, E, F, I, J, and K to its appellant brief, which are not part of the appellate record. As a court of record, we must limit our review to evidence in the rec *1061 ord before us. Kerrigan v. Bourgeois, 081457, pp. 4-5 (La.App. 4 Cir. 7/15/09), 16 So.3d 612, 614 (citing Ventura v. Rubio, 00-0682, pp. 3-4 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885). Thus, we are prohibited from considering the above referenced exhibits to the extent that the information contained therein does not otherwise appear in the record. Miccol Enterprises, Inc. v. City of New Orleans, 12-0864, p. 7 (La.App. 4 Cir. 12/19/12), 106 So.3d 746, 750-51 (citing Bd. of Directors of Indus. Dev. Bd. of City of New Orleans v. All Taxpayers, Property Owners, Citizens of City of New Orleans, 03-0826, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 740, 744).

. Plaintiffs contend that although different employees presented the plaintiffs with the sales pitch, the script of the speech itself did not change.

. Plaintiffs contend that there are only two versions of the contract that all of the plaintiffs signed.

. This is, presumably, what Judge Brown was attempting to accomplish when she stated:
I do think that, Plaintiff, you may be able to capture some — as opposed to filing 80 lawsuits, you may be able to capture some that will fall under a joinder and then some that will fall in a joinder. In other words ... if you get all of the people that bought in this group, and then you get some who rented and they're in this group, or however. There has to be some closer commonality....
However, as noted in note 3, supra, at the conclusion of the Exception hearing, Judge Brown deferred her ruling in order to give the parties 30 days "to attempt to fashion a mutually-agreeable plan for consolidating certain of the individual claimants into sub-groups.” Plaintiffs alleged that sub-groups were unnecessary, considering the commonality amongst all of the claims already, their attempts proved unsuccessful, and Judge Brown granted the Exception. The dictates of La. C.C.P. arts. 464 and 465 provide that the trial court is to order the separate trials, not have the parties do so themselves. .Thus, as the trial judge, it is Judge Brown's responsibility to formulate the subgroups if she believes it "would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice.” La. C.C.P. art. 465.

. We note that a handful of the cases cited by Festiva in its writ application and reply brief involve cumulation of actions, not cumulation of parties, the issue in the instant case. Therefore, Festiva’s reliance on those cases is misplaced.