# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 08-233

KERN BROUSSARD

VERSUS

HILCORP ENERGY COMPANY, BETA OPERATING COMPANY, LLC, CHEVRON U.S.A., INC., TEXAS PETROLEUM INVESTMENT COMPANY, CONOCOPHILLIPS, UNION OIL COMPANY OF CALIFORNIA, SWIFT ENERGY COMPANY, PACIFIC ENTERPRISES OIL COMPANY (USA), K-EXPLORATION CO., SANDOZ & ASSOCIATES, INC., J. O. EASLEY, INC. WINSTON L. STOKES, STATE OF LOUSIANA

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 83126
HONORABLE EDWARD RUBIN, DISTRICT JUDGE

**********

### J. DAVID PAINTER
### JUDGE

**********
Court composed of Sylvia R. Cooks, J. David Painter, and Chris J. Roy, Judges.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**

Arthur M. Murray
Jessica W. Hayes
Korey A. Nelson
650 Poydras St., Suite 1100
New Orleans, LA 70112
Counsel for Plaintiffs-Appellants:
    Kern Broussard

Warren A. Perrin
Donald Landry
P. O. Box 53597
Lafayette, LA 70505
Counsel for Plaintiffs-Appellants:
    Kern Broussard

Stuart H. Smith
Michael G. Stag

**Amber E. Cisney**
**2850 One Canal Place**
**365 Canal St.**
**New Orleans, LA 70130**
**Counsel for Plaintiffs-Appellants:**
        **Kern Broussard**

**Paul J. Hebert**
**Mark D. Sikes**
**J. Bradley Duhé**
**P.O. Drawer 52606**
**Lafayette, LA 70505**
**Counsel for Defendant-Appellee:**
        **Hilcorp Energy Company**

**Thomas M. McNamara**
**Patrick W. Gray**
**Jessica T. Gachassin**
**P.O. Box 51165**
**Lafayette, LA 70505**
**Counsel for Defendant-Appellee:**
        **Shell Pipeline Company, LP**

**S. Suzanne Mahoney**
**650 Poydras Street, Suite 1905**
**New Orleans, LA 70130**
**Counsel for Defendant-Appellee:**
        **Shell Pipeline Company, LP**

PAINTER, Judge.

Plaintiffs, Kern Brossard and Nettie Ann Dubois Broussard, appeal the judgment of the trial court dismissing their claims against all Defendants based on exceptions of prematurity, vagueness and ambiguity of the petition, improper cumulation of actions, including improper joinder of parties, and lack of subject matter jurisdiction. For the following reasons, we reverse in part, affirm in part and render.

## FACTS

Plaintiffs own real property in Vermilion Parish, Louisiana. on which mineral, surface, and subsurface leases have been granted to Hilcorp Energy Company (Hilcorp), Texaco Exploration and Production, Inc. (Texaco), Texas Petroleum Investment Company (TPIC), ConocoPhillips, Sabine Pipeline, Inc., Plains Pipeline, and Shell Pipeline, Inc. for oil and gas operations on the property. Plaintiffs allege that these entities, along with Bridgeline Gas Distribution, LLC, negligently conducted their oil and gas operations. Plaintiffs further allege that TPIC together with Rodney Lemaire, who was allegedly hired by TPIC to clean up the property, attempted to conceal contamination by burying contaminated soil.

## PROCEDURAL HISTORY

Plaintiffs first filed suit in Civil District Court in Orleans Parish, Louisiana praying for damages in solido against all the defendants for damages done to their property. The suit alleged that the Plaintiff owned property in the Erath Field in Vermilion Parish as follows: NE/4 of Section 17 of Township 13 South, Range 4 East, NW/4 of SE/4 of Section 21 of Township 13 South, Range 4 East, and NW/4 of Section 28 of Township 13 South, Range 4 East, that the property was subject to certain oil, gas, and mineral leases between Plaintiffs and Defendants, and that the

1

property had been damaged by Defendants' oil and gas related activities. The petition named as Defendants Hilcorp Energy Company (Hilcorp), Beta Operating Company, LLC, Chevron U.S.A. (Chevron) as successor in interest to Texaco Exploration and Production, itself successor to Texaco Producing, Inc., which was successor to Texaco, Inc.; Texas Petroleum Investment Company (TPIC); ConocoPhillips Company (Conoco) as successor to Phillips Petroleum Company which was a successor to Phillips Oil Company; Union Oil Company of California, a partner with Union Exploration Partners, Ltd.; Swift Energy Company; Pacific Enterprises Oil Company (Pacific); K-Exploration Co. (K-Ex); Sandoz & Associates, successor to Henry & Sandoz, Inc.; Easley, Inc.; J.O, Winston L. Stokes; the State of Louisiana through the Department of Natural Resources (DNR); and the State of Louisiana through the Department of Environmental Quality (DEQ). The petition named sixteen wells alleging that "[s]ome or all of the named Defendants operated or controlled the following wells and/or units located on or near Plaintiff's property." Plaintiffs alleged that "Defendants knew or should have known that their day to day operations in the Erath Fields would cause the soil, surface waters and ground waters of plaintiff's property to be contaminated" and that, rather than removing the contamination, Defendants chose to conceal it. The petition alleged that the DNR had been negligent in connection with the permitting, inspection, and testing of the Conoco plant. As a result, Plaintiff asserted that Defendants were liable to him in solido under theories of both negligence and strict liability. The suit was amended to include an additional defendant, Beta Operating, Inc.

TPIC, Chevron, Conoco, and Hilcorp filed exceptions of improper venue, lack of subject matter jurisdiction, improper cumulation of actions, prematurity, and vagueness.

2

Plaintiff again amended his petition to add Nettie Ann Dubois Broussard as a Plaintiff and to add as Defendants Shell Pipeline Company (Shell) as successor in interest to Equilon Pipeline Company, which was successor in interest to Texas Pipeline, Inc., Plains Pipeline, L.P (Plains), Rodney LeMaire, and Texaco Exploration and Production (TEP). The amended petition further alleged that Conoco, TPIC, Texaco, Plains, Shell, Hilcorp, Beta, Union, Pacific, K-Ex, Sandoz, Easley and Stokes conducted oil and gas related activities on Plaintiffs' property at all relevant times and abandoned and improperly closed oil waste pits on the property, and knowingly performed improper cleanups, thereby breaching their lease agreements. The amended petition further asserted that Lemaire was retained by TPIC to perform remediation and that he negligently caused substandard remediation to be performed and allowed toxic substances to enter the soil and ground water of Plaintiffs' property. Additionally, it was alleged in the amended petition that the DNR and DEQ were negligent in their monitoring of the disposal procedures used by Defendants named therein for solid hazardous wastes. Chevron, Shell, and Texaco reurged their exceptions. The matter was transferred to Vermilion Parish, Louisiana, pursuant to the exceptions of improper venue.

Rodney Lemaire raised an exception of prematurity. The Plaintiffs dismissed with prejudice their claims against the DNR and the DEQ, having earlier dismissed their claims against Swift.

On July 25, 2006, Plaintiffs amended their petition to name additional Defendants, Sabine Pipeline, LLC, Sea Robin Pipeline, and Bridgeline Gas Distribution, LLC. The amendment further added the claim that on September 24, 2005, a pipeline or equipment leak on or nearby the property described as "40 acres situated in the NW 1/4 of the SE/14 (sic) of Section 21, Township 13 South, Range

3

4 East Vermilion Parish, allowed a release of oil and/or hydrocarbon contaminated materials onto the Petitioners' property." The amendment further added claims that Bridgeline and Texaco conducted the operations resulting in the spill and that Texas Petroleum instructed employees and contractors to perform cleanup. The amended petition further alleged that contaminated soil was dumped onto other areas of Plaintiffs' property by TPIC, Rodney Lemaire, and their employees and/or contractors. Additionally, Plaintiffs asserted that in January 2006, Bridgeline began discharging an unknown liquid from a tank into the nearby drainage ditch onto the road and nearby property. Plaintiffs claimed that Defendants' improper disposal of hazardous solid and liquid waste and other alleged activities constituted a breach of the mineral and surface leases on the properties located on Sections 21 and 28, Township 13 South, Range 4 East.

Bridgeline, Sabine, Chevron, Shell, Plain, Conoco, TPIC, Lemaire, and Hilcorp urged or re-urged exceptions of improper cumulation of actions, vagueness and non-conformity with La.Code Civ.P. art. 891, and lack of subject matter jurisdiction.

The exceptions were heard on May 7, 2007. The exceptions of vagueness, prematurity, improper cumulation of actions, and non-conformity with La.Code Civ.P. art. 891 were granted, and Plaintiffs were given 30 days from the date of the hearing to cure the bases for granting the exceptions.

On June 7, 2007, Plaintiffs filed a Fourth Supplemental and Amending Petition for Damages. The amended petition added the assertion that Texaco operated well #166292 in the NE 1/4 of Section 17, Township 13 South, Range 4 East pursuant to a mineral lease, that Texaco sold its rights to a lease from Aristide and Sulie Broussard dated March 24, 1936, to Hilcorp in 1995. Plaintiffs further asserted in the amended petition that well # 166292 was reported shut in as of March 1, 1998 and

4

that Texaco and Hilcorp failed to properly plug and abandon the well, which caused a threat to the environment and ground water and constituted a breach of their duty to act as prudent administrators under the lease. It was further alleged that Texaco and Hilcorp operated unlined production pits on the property and dumped oilfield waste into the pits and actively sought to conceal the toxic waste disposed of on Plaintiffs' property, knew and failed to disclose that the wastes would not degrade or break down over time, and that the improper disposal and concealment thereof were a breach of the lease.

Plaintiffs, in the amended petition, further asserted that Hilcorp, Texaco, TPIC, and Conoco operated on "a certain tract or parcel containing 40 acres, situated in the NW/4 of the SE/4 of Section 21, Township 13 South, Range 4 East in Vermilion Parish" pursuant to a mineral lease. Plaintiffs further alleged that Texaco and Hilcorp operated unlined production pits on the property, dumped oilfield waste into the pits, and attempted to hide the contamination by adding chemicals to the soil, moving contaminated soil, and burying the contamination under fill soil. Plaintiffs further asserted that TPIC and Lemaire knowingly dumped or buried contaminated waste on a four acre portion of the same tract and attempted to conceal the acts.

Plaintiffs also added assertions that Sea Robin, Sabine, Shell, and Plains operated pipelines or pipeline facilities on the NW 1/4 of the SE 1/4 of Section 21, Township 13 South, Range 4 East, that Sabine operates two pipelines crossing the same property, and that pipeline and/or equipment leaks occurred on September 24, 2005, involving the equipment and/or facilities. The leaks allegedly affected the Plaintiffs' property. Additionally, the amended petition added assertions that on January 7, 2006, Bridgeline began discharging an unknown liquid from a tank into a nearby drainage ditch and onto the road and neighboring properties, causing

5

damage to the property located at "a certain tract or parcel containing 40 acres, situated in the NW/4 of the SE/4 of Section 21, Township 13 South, Range 4 East in Vermilion Parish."

Allegations were further added with regard to property located in Section 28, Township 13 South, Range 4 East. Plaintiffs alleged that Conoco, and later TPIC, operated a saltwater disposal site on the N/2 of the SE/4 of that tract pursuant to an easement contract between Rexby Dubois and Phillips Petroleum (later Conoco) dated January 1, 1983, and that although it terminated operations in 2002, TPIC continued to enter the property and bury solid hazardous waste on the property. Plaintiffs alleged that between March and May 2004, TPIC and Lemaire trespassed on a four acre portion of Plaintiffs' property to dispose of hazardous oilfield waste.

Further, Plaintiffs alleged that Phillips Petroleum Company operated wells on the W/2 of the N/2 of the SE/4 of Section 28, Township 13 South, Range 4E from January 1984 to August 1985 and by TPIC from January 1992 until July 2003. Plaintiffs further alleged that Phillips Petroleum, Phillips Oil and TPIC operated well 971164, Vermilion SWD well Number D-7 from 1983 until 2003 and that Phillips Petroleum operated well 29402, Vermilion SWD #D-1 from 1944 to 1987 pursuant to a lease dated July 11, 1941. They alleged that portions of the property were contaminated by the exploration and production of Defendants.

Shell, Hilcorp, Conoco, TPIC, Lemaire, Plains, and Chevron urged or re-urged exceptions of prematurity, vagueness, improper cumulation of actions, and lack of subject matter jurisdiction. On October 3, 2007, the trial court found that the amended petition had not cured the defects made the basis of the court's ruling of May 7, 2007, and dismissed Plaintiffs's action without prejudice.

6

Plaintiffs appeal the trial court's ruling. They argue that they were not required to make amicable demand prior to suit, that their claims are ripe for review, that they were not required to seek relief from an administrative agency before filing suit against an oil company, that the district court had subject matter jurisdiction over this case, that the claims are properly cumulated, and that the petition satisfies the pleading requirement of La.Code Civ.P. art 891.

## DISCUSSION

*Compliance with La.Code Civ.P. art 891 and Vagueness*

Plaintiffs argue that the trial court erred in granting the exceptions of failure to comply with La.Code Civ. P. art 891 and of vagueness.

> Louisiana Code of Civil Procedure article 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation"  There are no technical forms of pleadings;  all allegations of fact shall be set forth in numbered paragraphs, and shall be simple, concise, and direct.  La. C.C.P. art. 854.  In pleading fraud, the circumstances constituting fraud must be alleged with particularity;  malice, intent, knowledge, and other conditions of mind of a person may be alleged generally.  La. C.C.P. art. 856.

> The purpose of the objection of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit. *Snoddy v. City of Marksville*, 97-327, p. 5 (La.App. 3rd Cir.10/8/97), 702 So.2d 890, 893.  However, the objection of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims outlined above. *Snoddy*, 97-327 at p. 5, 702 So.2d at 893.  If the plaintiff's petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the exception of vagueness will be denied. *Whipple v. Whipple*, 408 So.2d 390, 392 (La.App. 1st Cir.1981), *writ not considered*, 412 So.2d 1089 (La.1982).  Because the exception of vagueness is a dilatory exception, it must be pleaded prior to or in the answer, or it is waived.  La. C.C.P. arts. 926(A) and 928. *Shatoska v. Whiddon*, 468 So.2d 1314, 1318 (La.App. 1st Cir.), *writ denied*, 472 So.2d 35 (La.1985).

*Vanderbrook v. Jean*, 06-1975, p. 5 (La.App. 1 Cir. 2/14/07), 959 So.2d 965, 968.

7

After reviewing the petitions filed by Plaintiffs, we find that taken as a whole, they contain sufficient statements of fact to "place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action." *Id.* Accordingly, we reverse the trial court's judgment insofar as it grants the exceptions of vagueness and/or failure to comply with La.Code Civ. P. art 891.

*Prematurity*

Plaintiffs further assert that the trial court erred in granting Defendants' exceptions of prematurity. In the trial court, Defendants argued that the action for damages was premature in that the leases[1] provided for cleanup only after termination of operations on the property and that the mineral code provides for a putting in default prior to filing suit for certain breaches of mineral leases.

This court in *Hardee v. Atlantic Richfield*, 05-1207, pp. 5-10 (La.App. 3 Cir. 4/5/06), 926 So.2d 736, 740-42 found the court's earlier decision in *Dore Energy Corp. v. Carter-Langham, Inc.*, 04-1202, 04-1233, 04-1373, 05-0006 (La.App. 3 Cir. 5/4/05), 901 So.2d 1238, *writs denied*, 05-1484, 05-1493, 05-1496, 05-1492, 05-1503, 05-1521, 05-1576, 05-1577, 05-1582 (La. 1/9/06), 918 So.2d 1042-1047, applicable, as follows:

> Even assuming that some wells subject to the leases at issue are still producing, we find no merit in the defendants' primary argument that the plaintiffs' cause of action does not arise in any event until after the leases are terminated.
>
> . . . .
>
> . . .[T]his court concluded that, while the duty of the lessee to restore the land to its former state, reasonable wear and tear excepted, was an obligation not due until completion of operations, the claims for negligence, breach of contract, exemplary damages, damages for trespass, and maritime tort arising from the lessee's obligation to maintain the leased land as a reasonably prudent operator as required

---

[1] We note that only Hilcorp's leases are to be found of record in this matter.

under La.R.S. 31:122 did not have to wait until completion of operations to be heard.

. . . .

. . .[I]f the defendants have exercised their rights under the leases unreasonably or excessively, La.R.S. 31:122 impliedly imposes the duty of restoration even if there is no express lease provision requiring restoration. This has two consequences in the present case. First, because the petition alleges that the defendants exercised their rights under the lease unreasonably and excessively, the petitioners have alleged a violation of the implied statutory obligation of the defendants under that statute. Second, having alleged specific conduct that violates the lease obligation, the plaintiffs have the right to proceed to trial and prove, if they can, that the defendants have in fact violated the terms of the lease, as well as their statutory obligations under the Louisiana Mineral Code and the Louisiana Civil Code. It is a matter of a defense on the merits, and not an objection to the petition as being prematurely filed, that by the terms of the lease and whatever specific rights may have been granted to the lessees therein, the petitioners gave their assent to the alleged changes in the property or that it was "'worn and torn'" in the manner the parties' [sic] contemplated. See *Terrebonne Parish Sch. Bd.*, 893 So.2d at 800. If such a defense exists, however, it is not the responsibility of the plaintiffs to anticipate that defense and plead against it at the risk of the petition being found premature for failure to so plead.

The petitions filed herein assert that Defendants have "exercised their rights under the leases unreasonably or excessively" and have failed to operate the leased properties as reasonably prudent operators. Therefore, under the reasoning of the *Dore* case, Plaintiffs' action is not premature. Accordingly, we reverse that part of the trial court's judgment which grants Defendants' exceptions of prematurity.

*Improper Cumulation*

Louisiana Code of Civil Procedure article 463 provides for cumulation of actions as follows:

Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:

(1) There is a community of interest between the parties joined;

(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and

9

(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.

The question before this court is whether there is a community of interest between the parties joined.

The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. *Strahan et. al. v. Maytag Corp., et al.*, 99-0869, 760 So.2d 463, 468 (La.App. 4 Cir.2000). Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together. *See also First Guaranty Bank v. Carter*, 89-0862, 563 So.2d 1240 (La.App. 1 Cir.1990) (citing, The Official Revision Comments to Article 463 which states that a review of Louisiana case law indicates that a community of interest and common interest refer to exactly the same concept).

*Albarado v. Union Pacific Railroad Co.*, 00-2540, p. 11 (La.App. 4 Cir. 4/25/01), 787 So.2d 431, 438.

After reviewing the record herein, especially the pleadings filed by Plaintiffs, we cannot say that there is enough factual overlap present between all the actions to make it commonsensical to litigate them together. The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any. Therefore, we find that the claims made do not all share a community of interest. As a result, we find that the trial judge correctly ruled that the actions were improperly cumulated.

10

Louisiana Code of Civil Procedure article 464 provides for the effect of improper cumulation of actions a follows:

> When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.

> When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.

Defendants raised subject matter jurisdiction by way of exceptions, arguing that the trial court should not assert jurisdiction until the issues raised had been addressed by the Louisiana Office of Conservation. The judgment indicates that all exceptions were granted. However, the Louisiana Supreme Court in *Corbello v. Iowa Production*, 02-0826, pp. 19-20 (La. 2/25/03), 850 So.2d 686, 701 stated that:

> Private landowners in Louisiana have no duty to seek relief from an administrative agency before filing suit against an oil company. In fact, our decision in Magnolia Coal, supra, allows a trial court to award damages caused by failure to restore without requiring the plaintiff to first seek relief through the Department of Natural Resources, the agency charged with protecting the State's natural resources as public trustee. We expressly found in Magnolia Coal that "damages from soil pollution are within the conventional knowledge and expertise of a trier of fact and the court of appeal erred in deciding that the plaintiff's damages cannot be fixed until the commissioner of conservation holds a new hearing." *Magnolia Coal*, 576 So.2d at 484.

Therefore, the trial court did have subject matter jurisdiction over the claims raised by Plaintiffs. Accordingly, the trial court should have ordered separate trials or ordered Plaintiffs to delete allegations about the action or actions with which they chose not to continue. However, it was not appropriate to dismiss the claim for failure to amend to "cure the bases for the exceptions."

11

*Amicable Demand*

The parties further contest the need for amicable demand before filing suit in this matter. Plaintiffs do not assert that they made amicable demand on Defendants, rather they argue that amicable demand was not needed.

The Mineral Code requires notice before filing suit only with regard to claims for failure to pay royalties and production payments and in La.R.S. 31:136 as follows:

> If a mineral lessor seeks relief from his lessee arising from drainage of the property leased or from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator, he must give his lessee written notice of the asserted breach to perform and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease. If a lessee is found to have had actual or constructive knowledge of drainage and is held responsible for consequent damages, the damages may be computed from the time a reasonably prudent operator would have protected the leased premises from drainage. In other cases where notice is required by this Article damages may be computed only from the time the written notice was received by the lessee.

These provisions do not apply to Plaintiffs' claims. However, Hilcorp, uniquely among Defendants, attached an affidavit and leases affecting the properties to its exception. Hilcorp's lease contains a provision requiring notice of "facts relied on as constituting breach" of the lease. Therefore, the trial court correctly dismissed Plaintiffs' claims of breach of the lease contract against Hilcorp. Plaintiffs may continue to pursue any causes of action against Hilcorp which do not arise out of a breach of a lease. However, in the absence of proof of the lease provisions applicable to the relationships between Plaintiffs and the remaining Defendants, the judgment of the trial court as to the need for amicable demand is reversed.

## CONCLUSION

For these reasons, the judgment of the trial court is reversed in part, affirmed insofar as it found Plaintiffs' actions improperly cumulated and insofar as it dismissed Plaintiffs' demand for breach of contract against Hilcorp for failure to give notice as

required by the leases, and remanded with instructions to take actions as set forth in La.Code Civ.P. art. 464. Costs of this appeal are assessed 75% to Defendants and 25% to Plaintiffs.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.