# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-657

RENEE CHRISTINE DIETZ, ET AL.

VERSUS

SUPERIOR OIL COMPANY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 86,739
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

**AMY, J., concurs in part, dissents in part, and assigns reasons.**

**REVERSED IN PART AND
AFFIRMED IN PART.**

William Wallace Goodell, Jr.
The Goodell Law Firm
P. O. Box 52663
Lafayette, LA 70505-2663
Telephone: (337) 412-2724
COUNSEL FOR:
    Plaintiff/Appellant – Phyllis Smith McDonald

**G. William Jarman**
**Charles Simon McCowan, III**
**Esteban Herrera, Jr.**
**Louis Victor Gregoire, Jr.**
**Kimberly K. Hymel**
**Kean Miller LLP**
**P. O. Box 3513**
**Baton Rouge, LA 70821**
**Telephone: (225) 387-0999**
**COUNSEL FOR:**
> **Defendant/Appellee - Chevron U.S.A., Inc.**

**Stephen Barnett Murray**
**Stephen Barnett Murray, Jr.**
**Elizabeth Roché**
**Murray Law Firm**
**650 Poydras Street – Suite 2150**
**New Orleans, LA 70130**
**Telephone: (504) 525-8100**
**COUNSEL FOR:**
> **Plaintiff/Appellant - Phyllis Smith McDonald**

**Tommy Woods Thornhill**
**Emily E. Gebhardt**
**Thornhill Law Firm**
**1308 Ninth Street**
**Slidell, LA 70458**
**Telephone: (985) 641-5010**
**COUNSEL FOR:**
> **Defendant/Appellee - Jennings-Heywood Oil Syndicate**

**Robert Beattie McNeal**
**Mark LeRay McNamara**
**James E. Lapeze**
**Katie Caswell Cambre**
**Liskow & Lewis**
**701 Poydras Street – Suite 5000**
**New Orleans, LA 70139-5099**
**Telephone: (504) 581-7979**
**COUNSEL FOR:**
> **Defendants/Appellees - Mobil Exploration and Producing North America, Inc., Superior Oil Company, and Exxon Mobil Corporation**

**Kim Reginald Hayes**
**Kim R. Hayes, APLC**
**408 North Parkerson Avenue**
**Crowley, LA 70526**
**Telephone: (337) 785-2760**
**COUNSEL FOR:**
      **Plaintiff/Appellant – Phyllis Smith McDonald**

**Demarcus J. Gordon**
**Loulan Joseph Pitre, Jr.**
**Kelly Dussel Perrier**
**Gordon, Arata, McCollam, Duplantis & Eagan, LLC**
**201 St. Charles Avenue – Suite 4000**
**New Orleans, LA 70170-4000**
**Telephone: (504) 582-1111**
**COUNSEL FOR:**
      **Defendant/Appellee - Jennings Holdings, LLC**

**Stuart Housel Smith**
**Michael Gregory Stag**
**John Leonard Fontenot, Jr.**
**Sean Seton Cassidy**
**Smith Stagg, L.L.C.**
**365 Canal Street – Suite 2850**
**New Orleans, LA 70130**
**Telephone: (504) 593-9600**
**COUNSEL FOR:**
      **Plaintiff/Appellant – Phyllis Smith McDonald**

**Morgan J. Wells, Jr.**
**Stephen Marcus Larzelere**
**Larzelere, Picou, Wells, Simpson, & Lonero, LLC**
**3850 N. Causeway Boulevard - #1100**
**Metairie, LA 70002**
**Telephone: (504) 834-6500**
**COUNSEL FOR:**
      **Defendant/Appellee - Carla Oil Company, Inc.**

**David Lyman Browne**
**Browne Law, LLC**
**365 Canal Street – Suite 1000**
**New Orleans, LA 70130**
**Telephone:  (504) 648-0171**
**COUNSEL FOR:**
> **Defendants/Appellees - Torch Energy Services, Inc. and Big Energy, LLC**

**Michael R. Phillips**
**Kean Miller LLP**
**909 Poydras Street – Suite 1400**
**New Orleans, LA 70112**
**Telephone:  (504) 585-3050**
**COUNSEL FOR:**
> **Defendant/Appellee - Chevron U.S.A., Inc.**

**Clint David Bischoff**
**P. O. Box 530**
**Iota, LA 70543**
**Telephone:  (337) 779-3661**
**COUNSEL FOR:**
> **Defendant/Appellee - Two Bayous, Inc.**

**THIBODEAUX, Chief Judge.**

In this property contamination case for injunctive relief and restoration damages against numerous mineral lessees, the trial court granted the lessees' dilatory exceptions of prematurity and improper cumulation, dismissed the property owner's suit without prejudice, and denied her motion for new trial. On appeal, we reverse the trial court's granting of the exception of prematurity but affirm the court's granting of the exception of improper cumulation and the dismissal of the suit of Ms. Phyllis Smith McDonald, the only plaintiff remaining after all other claims were settled.

I.

## ISSUES

We shall consider the trial court's judgment:

(1)     to grant the exception of prematurity;

(2)     to grant the exception of improper cumulation and dismiss the suit without prejudice; and

(3)     to deny the motion for new trial.

II.

## FACTS AND PROCEDURAL HISTORY

This case arises out of alleged soil and groundwater contamination from oil and gas operations on two non-contiguous pieces of property in Acadia Parish. The properties, owned by the Dietz family, were subject to two mineral lease chains. One of the leases granted mineral interests to ExxonMobil, Corp., Superior Oil Co., Mobil Exploration and Producing North America, Inc., Big Energy, L.L.C., Torch Energy Services, Inc., and Jennings Holdings, L.L.C. while

the other lease chain provided Chevron, U.S.A. and Carla Oil Co. with similar lessee interests in the properties and facilities on surrounding parcels. In 2007, eight members of the Dietz family filed numerous tort, property law, and contract claims against the mineral lessees, asserting that the lessees improperly used and abandoned oil field waste storage pits, flowlines, and exploration and production equipment, causing extensive contamination to the Dietz's properties. The Dietz plaintiffs sought both injunctive relief and restoration damages.

After the Dietz plaintiffs filed a First Supplemental and Amending Petition in 2008, the defendants responded by filing a dilatory exception of prematurity, arguing that the defendants were not given proper notice prior to suit as required under Mineral Code Article 136 and that the claims for restoration were premature given the leases were still in effect and operations were ongoing. The defendants also filed a dilatory exception of improper cumulation, contending that the suit lacked the requisite community of interest among the actions and parties. In 2009, the trial court delayed a ruling on the exception of prematurity but granted the exception of improper cumulation, ordering the plaintiffs to amend the petition by electing the actions they wished to proceed with and deleting the actions they wished to discard.

The Dietz plaintiffs subsequently filed a Second Supplemental and Amending Petition, but failed to remove any parties or actions. In response to this petition, the defendants reasserted the exception of prematurity and the exception of improper cumulation, requesting that plaintiffs' claims be dismissed under La.Code Civ.P. art. 464 for failure to comply with an order to amend. The Dietz plaintiffs then filed a Third Supplemental and Amending Petition in which they joined Ms. Phyllis Smith McDonald, the ex-wife of one of the Dietz plaintiffs and

2

co-owner in indivision of the properties, as a plaintiff in the action. The eight original Dietz plaintiffs then settled on March 13, 2012, leaving Ms. McDonald as the sole plaintiff in the suit.

The trial court granted the defendants' exceptions of prematurity and improper cumulation, reasoning that the defendants did not receive the requisite notice prior to suit under La.R.S. 31:136, and that there was no community of interest among the cumulated actions. The court dismissed Ms. McDonald's suit without prejudice and later denied her motion for new trial.

## III.

## <u>LAW AND DISCUSSION</u>

### Standards of Review

A trial court's granting of a dilatory exception of prematurity and an exception of improper cumulation is a final judgment subject to a manifest error standard of review. *Pinegar v. Harris*, 08-1112 (La.App. 1 Cir. 6/12/09), 20 So.3d 1081; *Lee v. Carruth*, 221 So.2d 548 (La.App. 3 Cir.), *writ denied*, 223 So.2d 873 (La.1969).

A trial court's decision to deny a motion for new trial is an interlocutory judgment subject to appeal for abuse of discretion only upon a showing of irreparable harm. *Dural v. City of Morgan City*, 449 So.2d 1047 (La.App. 1 Cir. 1984). However, "where a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits" *Id.* at 1048 (citing *Smith v. Hartford Accident and Indemnity Company,* 223 So.2d 826

(La.1969); *Fruehauf Trailer Company v. Baillio,* 210 So.2d 312 (La.1968); *Kirkeby-Natus Corporation v. Campbell,* 199 So.2d 904 (La.1967)).

### Exception of Prematurity

Ms. McDonald argues that the trial court erred in granting the dilatory exception of prematurity, reasoning that pre-suit notice of property contamination claims are not required under the Louisiana Mineral Code and lessors may sue for such damages prior to the termination of the oil and gas lease. We agree.

In granting the exception of prematurity, the trial court reasoned that the defendants did not receive advanced written notice of the property restoration claims prior to filing as required by Mineral Code article 136. However, this reasoning is flawed. In pertinent part, Article 136 provides:

> If a mineral lessor seeks relief from his lessee arising from drainage of the property leased or from any other claim that the lessee has failed to develop and operate the property leased as a prudent operator, he must give his lessee written notice of the asserted breach to perform and allow a reasonable time for performance by the lessee as a prerequisite to a judicial demand for damages or dissolution of the lease.

The Louisiana Supreme Court has explicitly held that restoration claims from oil and gas contamination are not governed by Article 136 and do not require pre-suit notice since such claims "are separate and distinct from any claims that defendants failed to develop and operate the property[.]" *Broussard v. Hilcorp Energy Co.*, 09-449, p. 12 (La. 10/20/09), 24 So.3d 813, 820. As Ms. McDonald's claims all involve restoration damages for groundwater and soil contamination, they are not governed by Article 136 and no pre-suit notice is necessary.

While the trial court did not discuss in its judgment whether a suit against a lessee for restoration damages may be brought during the term of a lease,

Ms. McDonald still contends that such claims are not premature. We agree as the Louisiana Supreme Court has, in our view, definitively decided this issue. In *Marin v. Exxon Mobil Corp.* 09-2368 (La. 10/19/10), 48 So.3d 234, the supreme court held that a lessor's suit for soil and groundwater contamination damages resulting from oil and gas operations may be brought prior to the end of a mineral lease. In reaching its holding, the court reviewed a lessee's statutory obligations under a mineral lease:

> A lessee's obligations under a mineral lease are governed by the Mineral Code and the Louisiana Civil Code. La.R.S. 31:2 (providing that the provisions of the Mineral Code are supplementary to the Civil Code and when the Mineral Code does not expressly or impliedly provide for a particular situation, the Civil Code or other laws are applicable).
>
> La.R.S. 31:122 provides:
>
>> A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee.
>
> The Civil Code lease provisions require the mineral lessee to perform certain restoration obligations during the lease term, and these obligations are governed by Civil Code articles 2683, 2686, 2687, and 2692. La.Civ.Code art. 2683 defines the lessee's principal obligations as follows:
>
>> The lessee is bound:
>>
>> (1) To pay the rent in accordance with the agreed terms;
>>
>> (2) To use the thing as a prudent administrator and in accordance with the purpose for which it was leased; and

5

> (3) To return the thing at the end of the lease in a condition that is the same as it was when the thing was delivered to him, except for normal wear and tear or as otherwise provided hereafter.
>
> [La.Civ.Code] art. 2686 provides "[i]f the lessee uses the thing for a purpose other than that for which it was leased or in a manner that may cause damage to the thing, the lessor may obtain injunctive relief, dissolution of the lease, and any damages he may have sustained." [La.Civ.Code] art. 2687 directs that "[t]he lessee is liable for damage to the thing caused by his fault or that of a person who, with his consent, is on the premises or uses the thing." Finally, [La.Civ.Code] art. 2692 provides "[t]he lessee is bound to repair damage to the thing caused by his fault ... and to repair any deterioration resulting from his ... use to the extent it exceeds the normal or agreed use of the thing."

*Marin*, 48 So.3d at 255-56.

After outlining the lessee obligations, the *Marin* court reasoned that "while [La.Civ.Code] art. 2683 contains obligations that only arise at the end of the lease…, there is absolutely no language to suggest that the other obligations imposed by these codal provisions are not operational until termination of the lease." *Id.* at 256. Here, as in *Marin*, Ms. McDonald's claims involve damages for soil and groundwater contamination. As such, while the leases may still be in effect, these claims are not premature because there is no language in the mineral or civil codes to suggest these claims for damages only arise upon lease termination.

The defendants rely on three past decisions to support their position that Ms. McDonald's restoration claims are not effective until the termination of the mineral leases. However, this reliance is unfounded in light of *Marin*.

First, the defendants cite language from the Louisiana Supreme Court opinion, *Corbello v. Iowa Production*, 02-826 (La. 2/25/03), 850 So.2d 686, which

6

outlines the temporal scope of a lessee's duty to repair the leased premises under a specific mineral lease:

> The duty to repair the leased premises does not arise until the lease expires, at which time the lessee must return the property in good order. The 1929 mineral lease is still in effect and is not the subject of this litigation. Thus, even the present leaseholder does not yet have a duty to repair under the terms of that lease.

*Corbello*, 850 So.2d at 703.

While this language arises in a supreme court opinion, we reject it as merely dicta lacking persuasive force in light of the outcome determinative reasoning in *Marin*. Moreover, we favor *Marin* given the fact that it post-dates *Corbello* and represents the latest expression of the law.

The defendants next rely on *Dore Energy Corp. v. Carter-Langham, Inc.*, 04-1373 (La.App. 3 Cir. 5/4/05), 901 So.2d 1238, *writs denied*, 05-1484, 05-1492, 05-1493, 05-1496, 05-1503, 05-1521, 05-1576, 05-1577, 05-1582 (La. 1/9/06), 918 So.2d 1042-47 and *Kinder Gas, Inc. v. Reynolds*, 11-1012 (La.App. 3 Cir. 2/1/12), 84 So.3d 695 where this court held that a lessee's restoration obligations are premature as long as operations are ongoing under a current lease. While we respect the views of our brothers on the bench, these opinions have unnecessarily broadened the scope of premature claims beyond what the supreme court envisioned in *Marin*. The *Marin* court explicitly stated that "a lessor need not wait until the end of the lease to sue a lessee for damage to his property." *Marin*, 48 So.3d at 256. The Court never mentions ongoing operations as a basis for determining premature claims; rather, it allows for *all* damage claims to be brought during the term of the lease. As such, we must reject the holdings of *Dore* and *Kinder Gas* in favor of *Marin*. As *Marin* aligns directly with the facts of this

7

case, we find that the trial court was manifestly erroneous in granting the exception of prematurity.

**Exception of Improper Cumulation**

Ms. McDonald argues that the trial court erred in granting the defendants' exception of improper cumulation due to a lack of community interest between the joined parties. She further contends that the trial court improperly dismissed her case without prejudice for improper cumulation. We disagree.

Louisiana Code of Civil Procedure Article 463 outlines the three requirements for proper cumulation of actions:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

In determining whether the requisite community of interest exists, the Louisiana Fourth Circuit Court of Appeal provides further guidance:

> The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues. *Strahan, et. al. v. Maytag Corp., et al.*, 99-869, [(La.App. 4 Cir. 4/5/00), 760 So.2d 463]. Essentially, community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together. *See also First Guaranty Bank v. Carter*, [563 So.2d 1240 (La.App. 1 Cir. 1990)], (*citing*, The Official Revision Comments to Article 463 which states that a review of Louisiana case

8

law indicates that a community of interest and common interest refer to exactly the same concept).

*Albarado v. Union Pac. R.R. Co.*, 00-2540, pp. 10-11 (La.App. 4 Cir. 4/25/01), 787 So.2d 431, 438 *reversed on other grounds*, 01-1537 (La. 9/14/01), 796 So.2d 666.

Applying this test to Ms. McDonald's claims, there is no community of interest. In making this determination, we find our court's conclusion in *Broussard v. Hilcorp Energy Co.*, 08-233 (La.App. 3 Cir. 12/10/08), 998 So.2d 946, *aff'd*, 09-449 (La. 10/20/09), 24 So.3d 813 especially compelling. In *Broussard*, this court upheld an exception of improper cumulation in a case involving property contamination on noncontiguous tracts with multiple leases and numerous operators allegedly at fault. The court reasoned that proof of damages and liability would be different for each party, and thus, "[it could not] say that there [was] enough factual overlap present between all the actions to make it commonsensical to litigate them together." *Id.* at 953. Here, like in *Broussard*, Ms. McDonald's claims involve oil and gas contamination from numerous operators under multiple leases on noncontiguous pieces of property. While Ms. McDonald contends the defendants all engaged in similar negligent conduct, this fact alone is not enough to support cumulation given the extensive time period of operations, the different lease obligations, and the specific facts that would need to be proven to show liability for each operator. Accordingly, we find that the trial court was not manifestly erroneous in granting the exception of improper cumulation.

Ms. McDonald's argument that the trial court erred in dismissing her case for improper cumulation also lacks merit. Louisiana Code of Civil Procedure Article 464 states, in pertinent part, that:

> When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. *The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.* (*emphasis added*).

In accordance with this procedure, the trial court granted the defendants' exception for improper cumulation in 2009 and ordered the plaintiffs to amend their petition by deleting all actions in which they elected to discontinue. In reviewing the record, the plaintiffs failed to comply with this order in their Second Supplemental and Amending Petition as they did not delete any actions but merely stated the same causes of action with greater detail and more allegations. The Third Supplemental and Amending Petition also failed to correct the cumulation error as it only added Ms. McDonald as a plaintiff in the litigation. Louisiana Code of Civil Procedure Article 464 clearly states that "[t]he penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit." This language is not discretionary; it is mandatory under the Code. While we recognize that Ms. McDonald entered the litigation after the other plaintiffs failed to comply with the cumulation order, she still elected to adopt all of the prior pleadings and allegations. As such, she is bound by the consequence of these pleadings which, in this instance, is dismissal for noncompliance. *See Bailey ex. Rel. Brown v. ExxonMobil Corp.*, 11-459 (La.App. 5 Cir. 5/31/12), 102 So.3d 167, *writ denied*, 12-2204 (La. 1/18/13), 107 So.3d 629. Accordingly, we find the trial court was not manifestly erroneous in dismissing the suit without prejudice.

**Motion for New Trial**

Ms. McDonald contends that the trial court erred in denying her motion for new trial. We reject this argument as this appeal should be maintained solely as one on the merits. "[W]here a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits" *Dural v. City of Morgan City*, 449 So.2d 1047, 1048 (La.App. 1 Cir. 1984). In order to show intent, the appellate court may consider "the appellant's assertion to that effect, whether the parties briefed issues on the merits of the final judgment and whether the language of the order granting the appeal indicated that it was a judgment denying a new trial." *Id.* Here, while Ms. McDonald referred to the judgment denying a new trial by date in her motion for devolutive appeal, she relied solely on the already raised arguments regarding the exceptions of prematurity and improper cumulation to support this point. It is clear that Ms. McDonald's true intent behind this appeal was to find yet another means of challenging the merits of the exceptions judgment, and we will treat it as such. As the merits of this case have already been discussed above, we need not address them further here.

IV.

**CONCLUSION**

For the foregoing reasons, we reverse the trial court's granting of the exception of prematurity, but we affirm the granting of the exception of improper

11

cumulation and the dismissal of Ms. McDonald's case without prejudice.  Costs are assessed against Ms. McDonald.

**REVERSED IN PART AND AFFIRMED IN PART.**

NUMBER 13-657

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

RENEE CHRISTINE DIETZ, ET AL.

VERSUS

SUPERIOR OIL COMPANY, ET AL.

AMY, J., concurring in part and dissenting in part.

I concur in the result reached by the majority in its reversal of the decision sustaining the exception of prematurity. However, I respectfully dissent from the remainder of the opinion since I would reverse the trial court's decision sustaining the exception of improper cumulation of actions. In my opinion, this matter satisfies the requirements of La.Code Civ.P. art. 463 and is factually distinguishable from the factual background described in *Broussard v. Hilcorp Energy Co.*, 08-233 (La.App. 3 Cir. 12/10/08), 998 So.2d 946. In *Broussard*, the properties involved were five, non-contiguous tracts located in three separate sections. *Id.* The *Broussard* panel additionally explained that "different parties and combinations of parties [were] alleged to have contributed to the contamination on each [tract], and the times at which contamination allegedly occurred differ[ed] for each property." *Id.* at 953. The present matter, however, offers fewer dimensions than did *Broussard*. Notably, the appellant is the sole remaining plaintiff and the involved property is limited to two tracts of land, located within the same quarter of a quarter of a section. The plaintiff alleges that the same groundwater plumes affect both tracts. Given these circumstances, I find that there was a sufficient community of interest in this case to satisfy the requirements of La.Code Civ.P. art. 463.

In sum, and for the foregoing reasons, I would reverse both the exception of prematurity and the exception of improper cumulation of actions sustained by the trial court. I respectfully concur in part and dissent in part from the majority opinion.