AMY, J.,
concurring in part and dissenting in part.
|,I concur in the result reached by the majority in its reversal of the decision sustaining the exception of prematurity. However, I respectfully dissent from the remainder of the opinion since I would reverse the trial court’s decision sustaining the exception of improper cumulation of actions. In my opinion, this matter satisfies the requirements of La.Code Civ.P. art. 463 and is factually distinguishable from the factual background described in Broussard v. Hilcorp Energy Co., 08-233 (La.App. 3 Cir. 12/10/08), 998 So.2d 946. In Broussard,, the properties involved were five, non-contiguous tracts located in three separate sections. Id. The Brous-sard panel additionally explained that “different parties and combinations of parties [were] alleged to have contributed to the contamination on each [tract], and the times at which contamination allegedly occurred differed] for each property.” Id. at 953. The present matter, however, offers fewer dimensions than did Broussard. Notably, the appellant is the sole remaining plaintiff and the involved property is limited to two tracts of land, located within the same quarter of a quarter of a section. The plaintiff alleges that the same groundwater plumes affect both tracts. Given these circumstances, I find that there was a sufficient community of interest in this case to satisfy the requirements of La. Code Civ.P. art. 463.
|2In sum, and for the foregoing reasons, I would reverse both the exception of prematurity and the exception of improper cumulation of actions sustained by the trial court. I respectfully concur in part and dissent in part from the majority opinion.