| | | |
|---|---|---|
| **FIRAS SHALABI D/B/A ZEEN WIRELESS 2, LLC, ZEEN WIRELESS 3, LLC, ZEEN WIRELESS 7, LLC, ZEEN WIRELESS 13, LLC, ZEEN WIRELESS 14, LLC, EXPRESSWAY WIRELESS, LLC AND EXPRESSWAY WIRELESS 2, LLC** | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* * * * * * * | **NO. 2025-C-0310**<br><br>**COURT OF APPEAL**<br><br>**FOURTH CIRCUIT**<br><br>**STATE OF LOUISIANA** |

**VERSUS**

**NAUTILUS INSURANCE COMPANY AND UNDERWRITERS AT LLOYD'S LONDON**

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07351, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)


Douglas Kleeman
J. Clark McMillan
Luke B. St. Germain
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130

      COUNSEL FOR DEFENDANT/RELATOR

W. Patrick Klotz
KLOTZ & EARLY
909 Poydras Street, Suite 2950
New Orleans, Louisiana 70112

      COUNSEL FOR PLAINTIFF/RESPONDENT


      **WRIT GRANTED; JUDGMENT REVERSED AND REMANDED**
      **JUNE 27, 2025**

NEK
RML
DNA

Certain Underwriters at Lloyd's, London Subscribing to Policy No. AP-CF-A0629 ("Relator") seeks review of the district court's April 9, 2025 judgment denying its exception of improper cumulation of actions. For the following reasons, we grant Relator's writ, reverse the district court's ruling, and remand the matter back to the district court to sever the actions for trial.

### FACTUAL AND PROCEDURAL HISTORY

On August 16, 2022, Firas Shalabi ("Mr. Shalabi") sued Relator and Nautilus Insurance Company ("Nautilus") for property damage sustained due to Hurricane Ida as well as penalties and attorneys' fees based on those insurers' claim adjustments of the damage. Mr. Shalabi sought damages and penalties from Relator – under Policy No. AP-CF-A0629 – for alleged damage to property located at 8998 Westbank Expressway, Suite 6, Westwego, Louisiana 70094 that was insured under Relator's policy. He also alleged that Relator improperly handled this claim. In the same lawsuit, Mr. Shalabi sought damages and penalties from Nautilus – under Policy No. NN1213140 – for alleged damage to five properties insured under the Nautilus policy. He also alleged that Nautilus improperly handled the claim. Noteworthy, the property insured under Relator's policy is not insured under the

1

Nautilus Policy, and none of the properties insured under the Nautilus policy are insured under Relator's policy.

On January 7, 2025, Relator filed an exception of improper cumulation of actions ("exception"), asserting there is no community of interest between the actions against Relator and Nautilus. The district court heard the exception on March 13, 2025, denied the exception in open court, and issued a signed judgment on April 9, 2025. This timely writ application for supervisory review followed.

## DISCUSSION

As its sole assignment of error, Relator asserts the district court erred as a matter of law by denying Relator's exception as there is no community of interest between Mr. Shalabi's action against Relator and his action against Nautilus as required under La. C.C.P. art. 463.

A district court's judgment concerning an exception of improper cumulation of actions is examined under a manifest error standard of review. *Girod Titling Tr. v. Hermes Health All., L.L.C.*, 2024-0221, p. 8 (La. App. 4 Cir. 7/1/24), 401 So.3d 721, 728, *writ denied*, 2024-01199 (La. 12/11/24), 396 So.3d 963. Louisiana Code of Civil Procedure Article 463(1) provides that "[t]wo or more parties may be joined in the same suit, either as plaintiffs or as defendants," when "[t]here is a community of interest between the parties joined." "The test in determining whether the parties have a community of interest is whether the cumulated causes of action arise out of the same facts or whether they present the same factual or legal issues….[C]ommunity of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret-Lavie v. Lavie,* 2003-0099, p. 2 (La. App. 4 Cir. 6/11/03), 850 So.2d 1, 2-3.

2

In the instant matter, Mr. Shalabi filed one suit against two insurance companies – Relator and Nautilus – for property losses he sustained due to Hurricane Ida. The property insured under Relator's policy is not insured under the Nautilus policy. Likewise, the property insured under the Nautilus policy is not insured under Relator's policy. In essence, Mr. Shalabi's suit involves separate losses to unrelated properties insured by different insurance companies under different insurance contracts.

In opposition to this writ application, Mr. Shalabi insists his suit satisfies the "community of interest" requirement as his claims against both insurers arise out of the same occurrence – Hurricane Ida – and present common questions of law and fact. Citing to his petition, Mr. Shalabi maintains the allegations against both insurers with respect to all properties are identical, and he has asserted claims against both insurers for bad faith and breach of contract. We disagree.

In *Derbes v. City of New Orleans*, 2019-0574 (La. App. 4 Cir. 12/4/19), 364 So.3d 87, this Court found that two actions, involving the same plaintiff and defendant, concerning separate zoning board decisions were improperly cumulated because of the differences in the actions. This Court observed:

> Mr. Derbes argues, in effect, that although the BZA determinations were not consolidated before the BZA because the BZA considered the two actions separate, it was error for the district court to grant the exception of improper cumulation when he attempted to appeal the two decisions in one proceeding.

> This is a procedural matter. Although both BZA decisions pertain to Mr. Derbes' property and his attempt to build an additional structure on it for commercial purposes, the BZA decisions arise from different permit applications and procedural postures with separate BZA docket numbers and records. The Civil District Court sits as an appellate court in administrative review matters. The matters were not consolidated before the BZA. In granting the exception of improper cumulation, the district court specifically ordered Mr. Derbes to proceed with the appeal of one BZA decision and file a separate action in Civil District Court to

3

> appeal the other BZA decision, thereby protecting Mr. Derbes' right to appeal both decisions. Pursuant to La. Code Civ. Proc. art. 464, it was within the district court's discretion as to whether to order separate trials of the actions or to order Mr. Derbes to proceed in separate actions.

*Id.*, 2019-0574, pp. 4-5, 364 So.3d at 89-90. Mr. Shalabi attempts to distinguish *Derbes* by asserting it turned on a procedural issue not present in the matter herein. However, as Relator points out, this Court, in *Derbes*, recognized that fewer and less extreme differences between the actions present in this case supported the granting of an exception of improper cumulation of actions.

Within the context of hurricane litigation, we recognize that federal district courts have rejected an insured's attempt to join multiple claims involving different properties and different insurance policies in a single suit. In *Cresson v. State Farm Fire & Cas. Co.*, unpub., No. CIV A 06-8788, 2007 WL 1191817, at *2 (E.D. La. 2007), the federal district court granted a motion to sever, noting:

> [P]laintiffs cannot rely on the fact that one natural disaster, Hurricane Katrina, caused the damage to all of their properties as a basis for joining the claim against Hartford with each of their separate claims regarding the four other properties insured exclusively by State Farm. The claims involve entirely different factual and legal issues, including each property's respective condition and location before the storm, the value of the properties, the terms of their insurance policies, and the extent of damage sustained. Therefore, aside from Hurricane Katrina as the cause, the State Farm claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the Hartford claim under Rule 20(a).

Consequently, the federal district court determined Hartford and State Farm – the two defendant insurers – were not properly joined in the same suit.

Furthermore, in *Broussard v. Hilcorp Energy Co.*, the Third Circuit addressed the cumulation of multiple actions against various oil and gas companies for contamination to several non-contiguous tracts of land. 2008-0233 (La. App. 3 Cir.

4

12/10/08), 998 So.2d 946, 953, *affirmed*, 2009-0449, 2009-0469 (La. 10/20/09), 24 So.3d 813. The Third Circuit observed:

> [W]e cannot say that there is enough factual overlap present between all the to make it commonsensical to litigate them together. The properties allegedly affected by the contamination are five non-contiguous tracts located in 3 separate sections, different parties and combinations of parties are alleged to have contributed to the contamination on each, and the times at which contamination allegedly occurred differs for each property. The proof of damages for each will necessarily be different as well as the amount of damages, if any, and the people and/or entities found liable, if any.

*Id.*, 2008-0233, p. 10, 998 So.2d at 953. The court, in *Broussard*, determined the claims did not share a community of interest and affirmed the district court's granting of the exception of improper cumulation. *Id.*

The only commonality between Mr. Shalabi's claims against Relator and Nautilus are (1) they arise from damage caused by Hurricane Ida, and (2) he is a named insured on both insurance policies involved in this suit. However, "[t]hese can not [sic] serve as a common transaction or occurrence because Hurricane [Ida] effected each property differently, each property was different with respect to its prior condition, and each property was covered by a separately negotiated insurance policy." *Campo v. State Farm Fire & Cas. Co.*, No. CIV.A. 2006-2611, 2007 WL 2155792, at *3 (E.D. La. July 26, 2007). In this case, we find there is no community of interest between two actions concerning distinct properties insured under separate policies, and the handling of independent claims. Accordingly, the district court was manifestly erroneous in denying the dilatory exception of improper cumulation.

## DECREE

Based on the above and foregoing reasons, we grant Relator's writ, reverse the district court's April 9, 2025 judgment denying its exception of improper

5

cumulation of actions, and remand the matter back to the district court to sever the

actions for trial.[1]


**WRIT GRANTED; JUDGMENT REVERSED AND REMANDED**

---

[1] Louisiana Code of Civil Procedure Article 464 provides, in pertinent part, that "[w]hen the cumulation is improper for any other reason [besides lack of jurisdiction or improper venue], the court may: (1) order separate trials of the actions."